ALICE WATSON, Respondent, *v.* JOHN H. RUSSELL, Appellant.

MASTER AND SERVANT — CONTRACT OF EMPLOYMENT — DAMAGES FOR
DISCHARGE LIQUIDATED AND FIXED BY CONTRACT.  Where a contract of
employment for a specified time at a weekly salary provides that the
employer may cancel the contract at any time on giving the employee
one week's notice and paying one week's additional salary, and states that
in consideration of such additional week's salary the employee agrees to
accept one week's notice of cancellation at any time, and the employer, by
refusing to permit the employee to enter upon the performance of
services under the contract in effect discharges him without any actual
notice or any payment, the employee's damages are to be deemed
liquidated and fixed at two weeks' salary.

*Watson* v. *Russell*, 7 Misc. Rep. 636, reversed.

(Argued May 1, 1896; decided May 26, 1896.)

APPEAL from a judgment of the General Term of the
Court of Common Pleas for the city and county of New
York, entered upon an order made April 9, 1894, which
affirmed a judgment of the General Term of the City Court
of New York, affirming a judgment in favor of plaintiff
entered upon a verdict directed by the court, and also
affirming an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*Henry Thompson* for appellant.  If the acts of plaintiff
were not a waiver of the contract, and if plaintiff is entitled
to recover damages under the contract for " being discharged
without notice previous to the opening of the season," the
damage sustained by the plaintiff for such discharge without
notice cannot be greater than the amount of compensation in
consideration of which plaintiff agreed to accept her discharge
at any time ; and defendant's motion to direct a verdict in
plaintiff's favor for sixty dollars, the amount of such salary,
should have been granted by the court. (*Howard* v. *Daly*,
61 N. Y. 362; Wood's Mayne on Dam. [1st Am. ed.] 326;
*Fisher* v. *Monroe*, 2 Del. 326 ; *Paverly* v. *Poole*, 19 Abb.

[N. C.] 271 ; *Parry* v. *Opera Co.,* 19 Abb. [N. C.] 270 ; *Goodman* v. *Pocock,* 15 Ad. & El. N. R. 580 ; *Hartley* v. *Harman,* 11 Adol. & El. 798 ; *French* v. *Brookes,* 6 Bing. 354 ; *Derry* v. *Board of Education,* 102 Mich. 631.)

*Thomas Fenton Taylor* for respondent.   The verdict given plaintiff in this case is authorized by the general rule for damages in this state.   (Sedg. on Dam. [8th ed.] 582, §§ 400, 407, 408, 412, 425 ; *U. L. & E. Co.* v. *Erie Ry. Co.,* 37 N. J. L. 23, 27 ; 2 Greenl. on Ev. [14th ed.] §§ 257, 267 ; *Moore* v. *Anderson,* 30 Tex. 224 ; *Grinnell* v. *Kiralfy,* 55 Hun, 422 ; *Smith* v. *Robson,* 148 N. Y. 252.)

BARTLETT, J.   This appeal presents a question which has not been considered by this court in any case called to our attention.

The plaintiff is an actress and singer, and the defendant a theatrical manager.

The case is argued here on undisputed facts.

On the 8th of July, 1891, the plaintiff called on defendant at his office in the Bijou Theatre, city of New York, and the interview resulted in defendant handing plaintiff a written contract in duplicate, one copy of which he had signed and the other copy was to be signed by plaintiff after she had read it, and returned to defendant by mail with her address.

A day or two thereafter plaintiff mailed the contract, duly signed by her, with her address, to defendant as requested by him.

By the terms of the contract defendant hired plaintiff as a member of his theatrical company for a traveling season of thirty weeks, more or less, at a salary of thirty dollars a week, commencing on or about August 31st, 1891.

At the time plaintiff received the duplicate contracts from defendant he requested her to appear for rehearsal on Saturday, the 15th of August, 1891 ; at that time plaintiff presented herself at defendant's theatre and was told to come the next Monday, August 17th, when she met a Mr. Riddle,

the agent of defendant, who stated that the contract and address mailed by her had never been received, and not having her address he had filled her place, and declined to let her rehearse or go ahead with the performance of the contract.

The plaintiff sought other employment, and at the end of the contract period brought an action to recover damages for breach of contract. The defendant offered no evidence, and the trial judge at the close of plaintiff's case directed a verdict in her favor for the full amount she would have received under the contract if it had been performed, less the amount she had earned in her new employment during the time covered by the contract.

At the close of the evidence, and before verdict was directed by the court, counsel for defendant stated that by the terms of the contract the liquidated damages were fixed at two weeks' salary, and moved that a verdict be directed in favor of plaintiff for sixty dollars and interest.

The motion was denied and the defendant excepted to the ruling; this exception presents the single question of law on this appeal.

The clause in the contract upon which this motion was based reads as follows: "It is further agreed that the said John H. Russell may cancel this contract at any time on giving the party of the second part one week's notice, and paying one week's additional salary, and in consideration of such additional week's salary the party of the second part agrees to accept one week's notice of cancellation at any time."

It is admitted that no actual notice was given or salary paid under this provision, and the pleadings disclose that defendant came to trial denying the existence of the contract.

The learned General Term held, with a divided court, that the cancellation of the contract under the clause in question required the action of both parties, and that defendant by refusing to accept plaintiff's services lost the right to give the notice and reduce the recovery.

We are unable to concur in this construction of the contract.

It may be urged that the contrary rule, holding that the damages have been liquidated and fixed at two weeks' salary, is harsh and unjust to the plaintiff in this particular case, but the answer is that courts must enforce contracts as made by the parties.

Were it not for this peculiar clause in the contract the form of this action and the measure of damages adopted at the trial are undoubtedly correct. (*Howard* v. *Daly*, 61 N. Y. 362.)

It is clear that when the plaintiff, in pursuance of defendant's request, deposited the duplicate of the contract signed by her, with her address, in the United · States street mailing box, the agreement by that act became complete. (*Vassar* v. *Camp*, 11 N. Y. 441; *Trevor* v. *Wood*, 36 N. Y. 307.)

When the defendant, through his agent Riddle, on the 17th of August, 1891, refused to allow plaintiff to take part in the rehearsals and proceed generally with the performance of the contract, it was, in law, a discharge and she was not bound thereafter to keep herself in readiness nor make further tender of her services.

· We thus come to the question of the effect of the discharge upon plaintiff's rights, in view of the clause in the contract already quoted, which gives defendant the right to cancel it at any time without consent of plaintiff.

We think, in contemplation of law, this act of discharge was a termination of the contract under the clause in question and the plaintiff is limited in her recovery to the sum of sixty dollars and interest, being two weeks' salary.

We are not inclined to rest our decision upon the usage that has grown up in England in the case of menial servants which has established the right to dismiss them at any time by giving a month's notice or a month's wages, and where they are discharged without either, limiting the recovery to a month's wages. (Mayne's Law of Damages [5th edition], p. 231.) The rule that should govern in this case was laid down in England as long ago as 1830, in the case of *French* v. *Brookes* (6 Bingham, 354). The plaintiff in that case was engaged to superintend mines in America for three

years, with a stipulation that he should not be dismissed without a year's notice, or a year's salary, and that if he stayed at the mines three years he should have the expenses of his family defrayed on their return.

He was dismissed in eighteen months after his arrival, without either a year's notice or a year's salary. It was held that although the contract had not been determined in the only mode agreed on, it could not be considered as subsisting for the whole time originally contemplated, so as to entitle him to his third year's salary, and the expenses of his family on their return.

He was permitted to recover a year's salary from the date of his dismissal without notice.

It is true that in the case cited the contract was in the alternative, viz.: a year's notice or a year's salary, but in either case all that plaintiff could receive if discharged under the contract was a year's salary, notice or no notice. In the case at bar plaintiff was to have received a week's notice and one week's additional salary. By reason of the discharge she is entitled to receive two weeks' salary without rendering any services, while if she had entered defendant's employ and been instantly served with notice of defendant's election to cancel she would have been required to render services for one week after notice.

' Counsel have cited only a few cases where the rule under consideration has been discussed in this country. (*Fisher* v. *Monroe*, 2 Misc. Rep. 326 ; *Peverly* v. *Poole*, 19 Abb. N. C. 271; *Derry* v. *Board of Education*, 102 Mich. 631.)

The views expressed lead to a reversal of the judgment and a new trial, with costs to abide the event.

All concur.

Judgment reversed.