[Civil No. 650.   Filed March 15, 1899.]

[56 Pac. 969.]

# OLD DOMINION COPPER MINING AND SMELTING COMPANY, Defendant and Plaintiff in Error, v. ALEXANDER ANDREWS, Plaintiff and Defendant in Error.

1. PLEADING—SPECIAL MATTERS OF DEFENSE—NO NECESSITY FOR REPLY. —A reply traversing special matters of defense set up in an answer is, under the practice in the territory, unnecessary.

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR — OBJECTIONS FIRST RAISED ON APPEAL, WHERE PERMITTED, VIEWED WITH DISFAVOR— OBJECTION TO SUFFICIENCY OF COMPLAINT—SUSTAINED—MERE FORMAL DEFECTS DISREGARDED—REV. STATS. ARIZ. 1887, PAR. 673, CITED.—Where the record shows that the defendant interposed no demurrer to the complaint in the trial court, an objection that the complaint does not state facts sufficient to constitute a cause of action, made for the first time in an appellate court, is viewed with judicial disfavor, even though one which the law permits to be raised at any time, and under paragraph 673, *supra*, where the complaint states sufficient facts to give jurisdiction, we will not consider mere formal defects.

3. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—NOTICE OF DISCHARGE—TERM CONTINUES TILL NOTICE EXPIRES.—A provision in a contract which entitles the servant to notice of its termination is, in effect, an agreement to continue the term of service for that length of time after the notice, and the employer cannot dismiss the servant before the expiration of the full term without sufficient cause.

4. SAME—SAME—SAME—WRONGFUL DISCHARGE—REMEDIES. — When a servant is wrongfully discharged before the expiration of his term, he has his choice of two remedies: 1. He may treat the contract as continuing and recover damages for the breach thereof; or 2. He may treat the contract as rescinded, and sue on a *quantum meruit* for services actually rendered. He cannot maintain an action for his wages or salary except for past services performed.

5. SAME—SAME—SAME—SAME—ACTION FOR DAMAGES — COMPLAINT— SUFFICIENCY — APPEAL AND ERROR — OBJECTION FIRST RAISED ON APPEAL.—In an action for damages for breach of contract of employment, a complaint alleging a contract terminable only upon three months' notice; entry upon service and continuance therein until discharge without notice, without fault on plaintiff's part; refusal to continue plaintiff in the employment, although plaintiff had offered to so continue; refusal to pay plaintiff for time of

notice required, in violation of the terms of the contract, and damages to the extent thereof, sufficiently states a cause of action as against such objection first raised on appeal, as mere formal defects will not be considered where no demurrer has been interposed below.

6. SAME — SAME — SAME — SAME — SAME—MITIGATION OF DAMAGES—EARNINGS DURING UNEXPIRED TERM.—In an action for damages for breach of contract of employment, by the discharge of an employee before the expiration of the term, the defendant may show· in mitigation of damages what the employee has been able to earn during the remainder of the term.

7. APPEAL AND ERROR—REVIEW—EVIDENCE—SUFFICIENCY—WEIGHT AND PREPONDERANCE.—Where there is evidence tending to prove every material fact necessary to be found to sustain the judgment of the district court, it is not the province of this court to weigh it or decide upon its preponderance.

WRIT OF ERROR from the District Court of the Second Judicial District in and for the County of Gila. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, for Plaintiff in Error.

Plaintiff in error contends that the hiring was a monthly hiring, and as the defendant in error received payment for the entire month of July, he had no cause of action against it. *Saxonia Mining and Reduction Co.* v. *Cook*, 7 Colo. 569, 4 Pac. 1111.

The term of service not being fixed in the contract, the servant is presumed to have been hired for such a length of time as the parties adopt for the estimation of wages. A hiring at a yearly rate is presumed to be for a year; a hiring for a monthly rate is presumed to be for a month; a hiring at a daily rate, for a day. *Patterson* v. *Suffolk Mfg. Co.*, 106 Mass. 56; *Evans* v. *St. Louis*, 24 Mo. App. 114; *Prentiss* v. *Ledyard*, 28 Wis. 131; *Thomas* v. *Hatch*, 53 Wis. 296, 10 N. W. 393; *Beach* v. *Mullin*, 34 N. J. L. 343.

If the term is indefinite, as where the hiring is at a certain sum per month, for a term not exceeding five years, it is a monthly hiring. *Peacock* v. *Cummings*, 46 Pa. St. 434; *Whitcomb* v. *Gilman*, 35 Vt. 297; *Evans* v. *Bennett*, 8 Wis. 404.

The master has the right to discharge his servant for incom-

petency, no matter what the terms of the contract may be. The plaintiff testified that the agent of the defendant said that he discharged him for incompetency. The agent of the defendant testified that he discharged him for neglect of duty and incompetency.

The servant must not only possess necessary skill, but he is bound to use and exercise the same with reasonable care and diligence, and the only person who has the right to pass on that question is the employer. *Stoddard* v. *Treadwell,* 26 Cal. 294; *Parker* v. *Platt,* 74 Ill. 431.

Payment of salary due at time of discharge is a bar to further recovery. 3 Wait on Actions and Defenses, 600; *Hartman* v. *Rogers,* 69 Cal. 643, 11 Pac. 581.

George J. Stoneman, and J. S. Sniffen, for Defendant in Error.

DAVIS, J.—On the eleventh day of August, 1897, Alexander Andrews brought an action in the district court of Gila County against the Old Dominion Copper Mining and Smelting Company to recover damages for his alleged wrongful discharge from the service of the company. After alleging the residence of the parties and the corporate character of the defendant, the complaint contained the following averments: "That on or about the 5th day of November, 1896, plaintiff and defendant entered into a contract under and by virtue of which it was mutually agreed between the parties thereto that plaintiff was to enter the employ of defendant in the capacity of master mechanic at the mines owned and operated by defendant in Gila County, territory of Arizona, at a specified salary, in said contract stated, of $200 per month, and that it was further in said contract stated and mutually agreed upon by the parties thereto that three months' notice should be given and required, unless waived by mutual consent, in the event that it should be desired by either party thereto to terminate the employment of plaintiff by defendant; that plaintiff, wholly relying upon the terms of said contract, in furtherance of the acceptance by him of the same did on or about the 1st day of December, 1896, enter the employment of the defendant in the capacity of master mechanic, as aforesaid, at a monthly salary of $200, and ever since said last above-mentioned date, up to and including the

26th day of July, 1897, continued in defendant's employ in the manner and under the terms and conditions as hereinbefore in this complaint stated. And plaintiff further states that ever since the 26th day of July, 1897, up to and including the date of filing of this complaint, he has been ready and willing to continue in the employ of defendant, as hereinbefore stated, subject only to the three months' notice to be given and required as in said contract set forth. Plaintiff further states that on the 26th day of July, 1897, defendant, disregarding the terms of said contract, wherein three months' notice to quit should be given by defendant in case of a desire on its part to terminate said contract, and without any notice to plaintiff, discharged plaintiff from its employ, and refused, and still does refuse, to continue plaintiff in its employ, or to pay to him an equivalent in money of his salary of $200 per month for three months; all of said acts on the part of defendant being without the fault, and against the wishes and consent, of plaintiff, and in violation of the terms of said contract. Plaintiff further states that on the 28th day of July, 1897, he notified defendant, through its agent, S. A. Parnall, that he was ready and willing to continue in the employ of defendant, but that defendant refused to permit plaintiff to comply with the terms of said contract, and still does refuse so to do, which refusal on the part of defendant is the occasion of a direct loss and damage to plaintiff in the sum of $600, under the terms of said contract.''

The amended answer of the defendant admitted its corporate character, and the residence of the parties, but denied generally all the other allegations of the complaint. It averred an employment of the plaintiff, which was to continue for a period not exceeding one year, and be conditioned upon competent and satisfactory service; alleged plaintiff's incompetency and neglect of duty, and that his discharge was based upon these grounds. These special matters of defense were traversed by a reply, although that was an unnecessary pleading, under our practice. The case was tried on December 2, 1897, without the intervention of a jury, and the court below made the following findings: 1. That on or about the date named in the plaintiff's complaint the plaintiff and defendant made a written contract, whereby the defendant was to pay the plaintiff the sum of two hundred dollars per month, as

master mechanic, to perform work and services in and about the defendant's business; 2. That the said contract contained an agreement to give and require notice, if needed, and that, in case of an emergency, the notice could be waived by mutual consent; 3. That on the twenty-sixth day of July, 1897, the plaintiff was discharged by the defendant, without any previous notice such as was provided for in said contract; 4. That during the three months next ensuing after his discharge, on the said twenty-sixth day of July, 1897, the plaintiff earned and received as wages, for his services, sums of money amounting to $203.50. As a conclusion of law, the court decided that the plaintiff was entitled to recover from the defendant the sum of six hundred dollars, less the amount of $203.50 so as aforesaid earned and received by him during said period of three months. Judgment was rendered in Andrews's favor for the sum of $396.50, and the company, as plaintiff in error, brings the case to this court for review.

It is assigned for error that the complaint does not state facts sufficient to constitute a cause of action. The record shows that the defendant interposed no demurrer to the complaint in the trial court. An objection made for the first time in an appellate court is viewed with judicial disfavor, even though the objection be one which the law permits to be raised at any time. In *Gelston* v. *Hoyt,* 13 Johns. 575, Chancellor Kent said: "A party acts against good conscience, if he will not come forward and disclose his reasons, when called upon by the proper tribunal, but reserves himself for another court, and for the cold, hard purpose of accumulating costs, or of depriving his adversary of the opportunity of correcting his error." There has been incorporated in our territorial statutes (Rev. Stats., par. 673) the following provision, which was contained in the original code of New York, and is to be found in nearly every code state: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." A provision in a contract which entitles the servant to three months' notice of the termination of his employment is in effect an agreement to continue the term of service for that length of period after the notice, and the employer cannot dismiss him

before the expiration of his full term without sufficient cause. When a servant is wrongfully discharged before the expiration of his term, he has his choice of two remedies: 1. He may treat the contract as continuing, and recover damages for the breach thereof; or 2. He may treat the contract as rescinded, and sue on a *quantum meruit* for services actually rendered. He cannot, however, as contended by counsel for plaintiff in error, maintain an action for his wages or salary, except for past services performed. In some of the early cases the fiction of a "constructive" service was resorted to, and a servant discharged without cause was allowed to recover wages; but this view has been discarded in the later decisions, and has been disapproved by text-writers. *Howard* v. *Daly,* 61 N. Y. 362, 19 Am. Rep. 285; *Durkee* v. *Mott,* 8 Barb. 423; *Saxonia Reduction Co.* v. *Cook,* 7 Colo. 569, 4 Pac. 1111; Smith on Masters and Servants, 95. The defendant in error had been paid for his services, at the stipulated rate, up to the time of his dismissal. His action was therefore properly one in damages for breach of contract; and the complaint which has been quoted contains, as we view it, all the substantive and essential facts required to constitute a cause of action and to give jurisdiction. The merely formal defects we are debarred from considering.

The other assignments of error question the sufficiency of the evidence to sustain the judgment. The basis of the contract between these parties was the following letter written to Andrews by the company's superintendent: "Old Dominion Copper Mining and Smelting Company. Globe, Gila County, Arizona, Nov. 5th, 1896. Mr. Alexander Andrews, Tuckahoe, N. Y.—Dear Sir: Yours of October 29th at hand, and contents carefully noted. The knowledge that should go with the experience you describe should be valuable in meeting the demands that would be made upon you in the place you apply for. You have experience enough to know that every class of mechanical application has its conditions peculiar to its necessities. I will engage your services upon the following conditions: That, as I infer from past correspondence with him, the party to whom I write in this mail is unavailable, and of which I will know by telegraph in about seven days. That you can come within a few days of Nov. 1st, certainly before Dec. 1st. We will pay you $200 per month;

no privileges, except what we may be prompted to give by our consideration and regard for efficient and faithful services. If you will come by Nov. 1st, about, we will pay your traveling expenses to this point. I am not enthusiastic, and have some misgivings that you will find considerable new to you in mining machinery and applications. You are well equipped to acquire such experience, but we may have to pay for some of it. You certainly can repair and look after the machines satisfactorily, but we shall be putting in considerable new machinery shortly, and the design and applications for the best economy and service will require all the knowledge of the best master mechanic I can get, with my own experience. The permanency of the position is good, and I will agree to give and require three months' notice, in case we should need it, to be. waived by mutual consent in an emergency. In the course of a year, and our estimation of your ability, there is a possibility of better pay. Please telegraph me, our expense, upon receipt of this, whether or not you will come; and, as soon as I hear from the party mentioned (not later than the 14th), I will telegraph you the engagement of your services. Yours truly, S. A. PARNALL, Supt.'' It is admitted that this letter was written by the company's authorized agent. It was the only evidence offered on the trial to indicate the nature of the contract which existed. The proposition which it contained was accepted by Andrews, who entered into the company's service on or about December 6, 1896, and remained in its employ until July 26, 1897, when he was discharged without notice, and without having waived his right to notice. On the day following his dismissal, the defendant in error tendered his services to the company, but they were refused, and a subsequent offer by him was similarly treated. The testimony relating to alleged incompetency and neglect of duty on the part of the defendant in error was conflicting. The plaintiff in error was permitted to show, in mitigation of damages, what the defendant in error had been able to earn during the remainder of his term; and the court, following a well-sustained rule, determined the measure of damages by deducting the amount of these earnings from the sum stipulated to be paid by the contract. There was evidence in this case tending to prove every material fact necessary to be found to sustain the judgment of the district court

and it is not our province to weigh the evidence or decide upon its preponderance. We find no error, and the judgment is affirmed.

Street, C. J., and Sloan, J., concur.