### ED. H. JACOBS V. SHANNON FURNITURE CO.

1. WHETHER A PENALTY OR LIQUIDATED DAMAGES WERE INTENDED WILL BE DETERMINED FROM WHOLE CONTRACT AND CIRCUMSTANCES AT TIME OF CONTRACT.

   In determining whether a stipulation in a contract is a penalty or liquidated damages, the court will consider it along with the other provisions and general scope and subject-matter of the contract and the circumstances from the standpoint of the parties at the time of the contract, and not *ex post facto*, and from these determine whether the parties intended to fix a fair and just amount for the actual damages likely to arise or an arbitrary amount as mere penalty to secure performance.

2. ONE THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS LIQUIDATED DAMAGE IN FIVE YEAR CONTRACT OF EMPLOYMENT, VALID.

   In a contract of employment entered into by a mercantile establishment with a person for general manager for term of five years at $1,800 per year, a provision for liquidated damage in sum of $1,750 should that person be discharged within twenty-five months is a reasonable adjustment of what would be considered by parties at time of contract as the actual damages that might be contemplated, and will be upheld as liquidated damage.

[Syllabus approved by the court.]

ERROR to Franklin common pleas court.

*E. C. Turner* and *H. R. Jones*, for plaintiff in error.
*Huggins, Huggins & Johnson*, for defendant in error.

**ALLREAD, J.**

The first cause of action seeks to recover liquidated damages stipulated for in a contract of employment. The contract provided for the employment by the Shannon Company of Jacobs as manager of a business to be conducted in his name for a period of five years, at a salary of $9,000, or $1,800 per annum and 5 per cent commission on the excess above $25,000 of the combined net profits for each year during said term. The contract stipulated for liquidated damages upon its termi-

nation otherwise than by voluntary withdrawal or fault of Jacobs within twenty-five months after the beginning of the term in the amount of $1,750.

The petition alleges the discharge of Jacobs within twenty-five months, a full compliance by Jacobs up to that time, and ability and readiness to comply for the balance of the term, and asks judgment for the sum stipulated for.

A demurrer was sustained in the court of common pleas to the first cause of action, and final judgment entered for the defendants.

The only question presented here upon error is as to the validity of the stipulation for liquidated damages.

It may be deduced from the authorities in this state that a stipulation in a contract for liquidated damages in case of breach where no purpose appears or can be fairly deduced to charge the same as a penalty will be upheld. *Blasting Co.* v. *Stone Co.* 64 Ohio St. 361-367 [60 N. E. Rep. 563]; *Grasselli* v. *Lowden,* 11 Ohio St. 349, 361; *Lange* v. *Werk,* 2 Ohio St. 520, 533.

Whether a stipulation in any given case is to be regarded as penalty or liquidated damages becomes a question of intention to be reflected from the whole instrument in connection with the subject-matter. The form in which the stipulation is clothed may be considered, but is not conclusive. In final analysis, the stipulation for damages must be read and considered along with all other provisions, the general scope and subject-matter of the contract, from which must be determined whether the parties intended thereby to fix a fair and just amount for the actual damages likely to arise, or an arbitrary amount as mere penalty to secure performance.

Cases cited by counsel for defendant in error in support of their contention may, we think, fairly be grouped as follows:

(a)   Cases where a lump sum is fixed for default in each of several things of varying importance, and, therefore, inconsistent as actual valuation or liquidation, but consistent only as penalty. *Berry* v. *Wisdom,* 3 Ohio St. 241.

Jacobs v. Furniture Co.

(b) Cases where the amount stipulated for is manifestly in excess of the actual damages to be reasonably contemplated from a breach of contract.

The case at bar is distinguishable from those of class (a), for the reason that the lump sum here is fixed only for a complete breach.

It is distinguishable also from those of class (b), for the reason that the damages here are uncertain, and therefore a proper subject of liquidation. It is true that the obligation of the Shannon company was to pay money. But the payment of money was for wages and, upon breach, the measure of damages is not necessarily the amount of wages agreed to be paid, but depends upon the uncertain damage arising from the discharge. And such damages are generally, if not universally, held to be a proper subject for liquidated damages. *Tennessee Mfg. Co.* v. *James,* 91 Tenn. 154 [18 S. W. Rep. 269; 15 L. R. A. 211; 30 Am. St. Rep. 865]; *Walsh* v. *Fisher,* 102 Wis. 172, 180 [78 N. W. Rep. 437; 43 L. R. A. 810; 72 Am. St. Rep. 865]; *Watson* v. *Russell,* 149 N. Y. 388 [44 N. E. Rep. 161]; *Glynn* v. *Moran,* 174 Mass. 233 [54 N. E. Rep. 535].

It therefore remains to be considered whether the amount stipulated for is a fair and reasonable measure of the contemplated damages, or manifestly excessive. This question must be viewed by the court from the standpoint of the parties at the time of the contract, and not *ex post facto* when the litigation is up for trial. Contracts are always so construed and a stipulation for liquidated damages is no exception. *Sun Ptg. & Pub. Assn.* v. *Moore,* 183 U. S. 642, 672 [46 L. Ed. 366]; *Knox Rock Blasting Co.* v. *Stone Co. supra,* p. 366.

It is urged that Jacobs' damages may be very slight, and in argument it was stated that he had gone back almost immediately to his old employment. But this is *ex post facto* and cannot be employed to aid in the original construction of the contract except as it may have been reasonably foreseen and contemplated.

It is a matter of common knowledge that responsible and lucrative positions in merchants' establishments are not always

open, but more frequently attained only after years of subordinate employment and by regular promotion. When Jacobs left the employ of the Lazarus company and entered the employ of the Shannon company, it was reasonable to contemplate a difficulty upon discharge in securing satisfactory employment of a like character and of the same compensation, and to make some provision in case of discharge. We are of the opinion from the written contract, in connection with the subject-matter, and in view of the common knowledge of the difficulties of securing other employment, that the sum of $1,750, provided for a discharge within the first twenty-five months and while thirty-five months of his time was still before him, was a fair adjustment of what would be considered by the parties at the time of the contract as the actual damages that might under reasonable circumstances be contemplated.

The cases of *Rock Blasting Co.* v. *Stone Co.* and *Glynn* v. *Moran, supra,* are both in point in principle and general features. The stipulated amount in the present case may be sustained under the authority of the two cases referred to, not only as a reasonable liquidation of damages, but as an agreement based upon sufficient consideration to pay the additional amount as further compensation upon discharge.

The judgment of the court of common pleas is, therefore, reversed, and cause remanded, with instructions to overrule the demurrer to the first cause of action.

**Sullivan** and **Dustin, JJ.,** concur.