## Bryant & Stratton Business College v. Walker.

(Decided November 11, 1913).

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Master and Servant—Contract of Employment—Terminable on Notice —Measure of Damages.—Where by its terms a contract of employment may be terminated at any time upon the giving of a specified notice, the damages for a wrongful discharge can be no more than the wages which would have accrued under the contract after the notice, had one been given; and for a breach of a contract terminable on a week's notice, the measure of damages is the difference between one week's wages as fixed by the contract and what the plaintiff earned or, by the exercise of reasonable diligence, could have earned during that time.

HENRY PIRTLE for appellant.

EUGENE HUBBARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, M. H. Walker, brought this action against defendant, Bryant & Stratton Business College, a corporation, to recover damages for breach of a contract

of employment. A trial before a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $200. Defendant appeals.

On February 21, 1910, plaintiff and defendant entered into two contracts. By contract "A" defendant employed plaintiff for a period of one month, beginning June 1, 1910, at a salary of $15 a week and traveling expenses when sent outside of Louisville, Jeffersonville and New Albany. By contract "B" defendant employed plaintiff for a period of four months, beginning on the expiration of contract "A." Under the latter contract plaintiff's salary was to be $75 a month and traveling expenses when sent outside of Louisville, Jeffersonville and New Albany. Under these contracts it was the duty of plaintiff to solicit pupils for the defendant. Each of the contracts contains the following provision:

"Either party to this contract may terminate same by giving the other one week's notice."

Claiming that he entered upon his duties under each of the contracts, and that on July 11, 1910, he was discharged without notice, and that he had used reasonable diligence to obtain other employment but had failed to do so, plaintiff asked damages in the sum of $300. Defendant denied that the plaintiff was discharged without notice, or that he had made diligent effort to secure other employment, and had been unable to do so, or that he had been damaged in any sum by defendant's breach of the contract. By paragraph two defendant pleaded that it gave defendant one week's notice of its intention to terminate the contract.

According to the evidence for plaintiff, he was discharged on July 11, 1910, without notice. He then applied to two or three other business colleges for employment. He also tried to secure employment from a medical school, and had some of his friends try to secure him a position. Being unable to secure any employment he returned to his father's farm and remained there until school began in the fall.

According to the evidence for the defendant, a written notice to the effect that his services would not be required after July 9, 1910, was served on plaintiff on June 28, 1910.

By the instructions given by the trial court, the case was made to turn on whether or not defendant notified plaintiff on June 28, 1910, that his services would not

be required after July 9, 1910, the court telling the jury that if the notice was given they should find for the defendant; otherwise they should find for the plaintiff. In case the jury found for plaintiff they were told to award him such sum in damages as they believed from the evidence would fairly and reasonably compensate him for any loss resulting directly from the breach of contract, if it was broken, the award not to exceed the difference, if any, between $300, the amount claimed in the petition, and such sum as they believed from the evidence fairly represented what plaintiff earned, or by the exercise of reasonable diligence could have earned, during the period covered by the contract.

With the exception of the one on the measure of damages, the instructions given by the trial court are not subject to criticism. The instruction on the measure of damages is the one ordinarily applicable where the contract of employment is for a definite term and is not terminable on notice. It does not apply where the contract may be terminated by notice. In the present case defendant had the right at any time to terminate the contract by giving plaintiff one week's notice. Where by its terms a contract of employment may be terminated at any time upon giving a specified notice, the damage for a wrongful discharge can be no more than the wages which would have accrued under the contract after the notice, had one been given. Johnson v. Fixture Co., 59 Wash., 58; Derry v. Board of Education of City of East Saginaw, 102 Mich., 631; Watson v. Russell, 149 N. Y., 388, 44 N. E., 161; 25 Cyc., 1012, and cases cited. According to plaintiffs' contention, he was discharged on July 11, 1910, without notice. Had notice been given he would have had the right to work one week longer and draw the stipulated wages. Under contract "B" his wages were fixed at $75 a month. Therefore, his damages could not exceed one-fourth of that amount, or $18.75, and the true measure of damages is the difference between that amount and what he earned or, by the exercise of reasonable diligence, could have earned, during that week.

Other errors are relied on, but as they will probably not occur on another trial we deem it unnecessary to consider them.

Judgment reversed and cause remanded for new trial consistent with this opinion.