## FLETCHER v. ELLIOTT–FISHER CO.

(Supreme Court, Appellate Term, First Department.   June 10, 1915.)

1. APPEAL AND ERROR ☞1066—PREJUDICIAL ERROR—ERRONEOUS SUBMISSION
OF ISSUE.

Where the court, in an action for wrongful discharge, through not having had called to his attention the fact that the contract of employment was terminable on two weeks' notice, permitted the jury to estimate damages on the theory that such contract ran for six months, there was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ☞1066.]

2. APPEAL AND ERROR ☞1171—REVERSAL—RECOVERY PARTIALLY BASED ON
ERRONEOUS THEORY.

A verdict in an action for wrongful discharge and for commissions, vitiated by the action of the court in allowing the jury to assess damages in the first cause of action on the theory that the contract of employment ran for six months, whereas it was terminable on two weeks' notice, could not be allowed to stand for the amount claimed by plaintiff under the second cause of action for commissions, since the appellate court could not satisfactorily determine how much the jury allowed on each cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. ☞1171.]

Appeal from City Court of New York, Trial Term.

Action by Aaron B. Fletcher against the Elliott-Fisher Company. From judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Marshall H. Dean, of Harrisburg, Pa. (Joseph I. Green and Chauncey E. Treadwell, both of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

GUY, J.   Two causes of action are set up in the complaint. As a first cause of action it is alleged that on or about July 1, 1914, an agreement was made between the parties by which the defendant employed the plaintiff as its salesman in a certain territory for a period commencing at the date of the contract and ending January 1, 1915, and that the defendant wrongfully discharged the plaintiff on or about August 17, 1914.   Under the second cause of action plaintiff claims that at the request of the defendant, and between January 1 and August 17, 1914, he performed certain services for the defendant as a salesman, of the reasonable and agreed value of $1,389.03, and that there is a balance due him thereon of $674.03.

The agreement upon which the first cause of action was based is in writing, and was put in evidence by the plaintiff.   By its terms the contract was terminable by either party on two weeks' written notice.   It does not appear that this provision was called to the attention of the trial court, and the action was tried and submitted to the jury on the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

theory that plaintiff's hiring was for six months. On or about January 1, 1914, a similar contract was made by the parties, which contract under its terms terminated on or about July 1, 1914, the date when the new agreement upon which the first cause of action is founded was made. Under these agreements the plaintiff was entitled to a stipulated commission on sales and to receive a salary of $100 a month chargeable against such commissions. The second cause of action was for the recovery of commissions under these two contracts, less the payments made to the plaintiff between January 1 and August 17, 1914.

[1] The agreement under which the plaintiff was working at the time of his discharge being terminable on two weeks' notice, it was clearly erroneous to permit the jury to estimate the plaintiff's damage on the theory that it ran for six months from July 1, 1914 (Watson v. Russell, 149 N. Y. 388, 44 N. E. 161), and although no error was committed by the trial judge, the specific provision in the contract authorizing its termination on notice not having been called to his attention, justice requires that the error be corrected on this appeal.

[2] The respondent claims that justice can be done by allowing the verdict to stand for the amount claimed by the plaintiff under the second cause of action, $674.03; but, as we cannot satisfactorily determine how much the jury allowed the plaintiff on each of his causes of action, a new trial of the issues will be necessary.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.