[Civil No. 1978.   Filed May 11, 1922.]

[206 Pac. 590.]

## D. GRANOW, Appellant, v. HARRY L. ADLER, Appellee.

1. MASTER AND SERVANT—DISCHARGED EMPLOYEE WHO SUES BEFORE EXPIRATION OF TERM MAY RECOVER DAMAGES TO END OF CONTRACT PERIOD.—A wrongfully discharged employee may sue for breach of contract before the expiration of term of employment and recover,

---

On remedy of wrongfully discharged servant by action for damages for breach of .contract, see notes in 13 **Ann. Cas.** 112; **Ann. Cas.** 1912B, 365; **Ann. Cas.** 1916A, 472; 6 **L. R. A. (N. S.)** 50.

in addition to the damages sustained prior to the trial, the damages sustained by reason of the breach estimated to the end of the contract period, with deduction of the amount he will probably earn in other suitable employment by the use of reasonable diligence.

2. APPEAL AND ERROR — ERRONEOUS INSTRUCTION HELD NOT GROUND FOR REVERSAL IN ABSENCE OF EVIDENCE.—Where employee working on a salary and commission basis was discharged prior to expiration of contract period and would have earned the sum of $1,155 in wages alone without commissions if he had been permitted to complete the contract, and in action for damages recovered damages in the sum of $750, erroneous instruction as to measure of damages *held* not ground for reversal in the absence of the evidence.

3. COURTS—STATEMENT IN OPINION NOT NECESSITATED BY ISSUES ARISING IN CASE IS DICTUM.—The Supreme Court is not required to follow a principle stated by a court in a previous opinion of the court not necessitated by any of the issues arising in the case on the principle of *stare decisis*, such statement being *dictum*.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. Herman Lewkowitz and Messrs. Bullard & Jacobs, for Appellant.

Mr. George T. Wilson, for Appellee.

FLANIGAN, J.—This action was brought by the appellee, Adler, against appellant, Granow, to recover damages for the breach of a contract of employment. The complaint alleges an oral contract made on June 14, 1920, whereby defendant employed plaintiff as clerk, manager, and salesman in defendant's dry-goods store, in Phoenix, Arizona, for a period of one year from that date, for the compensation of $35 per week, with the additional sum of two per cent commissions on the gross sales made by plaintiff; said amounts to be paid weekly. Plaintiff alleges that he fully performed all the parts, conditions and covenants of said contract undertaken on his part from the date of his employment to and including October

16, 1920, at which time the defendant, without cause therefor, discharged plaintiff from his employ and has since continued to and does now prevent plaintiff from going on with the contract. Two causes of action, based upon the contract, are set forth in the complaint. In the first it appears that up to the date of discharge the plaintiff had earned commissions on his gross sales amounting to the sum of $236.52, of which defendant had paid him only the sum of $84.62, leaving an unpaid balance of $151.90. In the second cause of action the damages arising by reason of the discharge are alleged to be the sum of $750. The answer of the defendant denied these allegations. The case was tried to a jury, which returned a verdict in favor of plaintiff for the full sum prayed for, to wit, $901.90. From this judgment and an order denying a motion for new trial the defendant has appealed.

Upon motion of the appellee, the evidence taken at the trial, together with the complete charge of the court to the jury, was by this court stricken for failure to comply with the rules, and we have before us for review only the complaint, answer, the judgment, and certain instructions requested by the plaintiff, which appear to have been given to the jury upon the trial of the cause, which instructions read as follows:

"If you find from the evidence that the plaintiff was working for the defendant pursuant to a contract of employment, and that, before the term of employment had expired, the defendant wrongfully discharged the plaintiff, the plaintiff may recover, not only any wages or other compensation earned by him, if any, under the terms of the contract up to the time of his discharge, but also any damages he has sustained by reason of wrongful discharge, and he is entitled to have his damages assessed from the date of the discharge to the end of the term of the contract."

"The measure of damages by which you will be guided is the amount of compensation that the plaintiff would have earned under the contract, from the date of his discharge to the expiration of the term of

the contract, less whatever amount he has earned or might earn in other employment in the same line of business by the use of reasonable diligence to find such other work.''

Two objections are made to these instructions, one of which is so obviously without merit as to require no attention. The other objection is that the instructions were erroneous because the jury was told thereby that the plaintiff was entitled to have his damages assessed from the date of his discharge to the end of the term of employment. Appellant's contention is that, where an action is brought for the breach of a contract of employment because of wrongful discharge, the damages recoverable are limited to such as have accrued to the time of trial, and, where the trial is had before the expiration of the term (as was the case here, to wit, on the sixteenth day of March, 1921, some three months before the end of the term), recovery may not be allowed for the damages to accrue thereafter.

There are many authorities which hold with appellant in this contention. One of the earliest cases in the books on the subject appears to be *Gordon* v. *Brewster,* 7 Wis. 355, which has often been followed and cited as authority for the rule it enunciates. The court in that case, speaking of the right of the servant to recover the damages accruing after the date of the trial, says:

''In ascertaining the amount of damages on his contract running four years, we do not think the court and jury were authorized in assuming that the same state of things existing at the time of trial would continue until the expiration of the contract. Had the respondent seen fit to wait before bringing his action until the period had elapsed for the complete performance of the agreement, the measure of compensation could then have been easily arrived at. We suppose he would then have been entitled to the entire amount of his salary, less what he would have reasonably earned during the time covered by the re-

mainder of the contract in laboring elsewhere. But as the case now stands, we think he was only entitled to recover his salary on the contract down to the day of trial, deducting therefrom any wages which he might have received, or might have reasonably earned in the meantime. This rule appears to us to be the most equitable and safe of any that occurs to our minds, and the one most likely to effect substantial justice between the parties."

For list of the cases taking this view, see annotation to *Howay* v. *Going-Northrup Co.* (24 Wash. 88, 85 Am. St. Rep. 942, 64 Pac. 135), in 6 L. R. A. (N. S.), at page 111.

As stated by Labatt, in his work on Master and Servant (2d ed., vol. 1, § 363), the rationale of the rule given in these cases is:

"That the prospective damages which may supervene during an unexpired residue of the term are too contingent and uncertain to be considered. Stress is also laid upon the considerations that, after the trial, the servant might die, or obtain other employment and receive remuneration equal to or greater than that to which he would have been entitled if he had been permitted to perform the contract."

We think the authorities which hold that in such an action the employee is entitled to recover all damages he has sustained by the breach of the contract, estimated to the end of the contract period, are founded upon the better reason and announce the more just and equitable rule. To limit recovery to the damages accrued to the time of trial, the contractual term not having elapsed, and then to hold the employee barred by such an award from any further recovery, seems to us to be at war with the general principle which imposes liability upon the party who breaches a contract, to respond to the other party for all damages which arise naturally from the breach, or such as may reasonably be supposed to have been within the contemplation of the parties at

the time of making the contract, as a probable result of the breach. If the employee would have all his damages assessed and thereby realize the fruits of his contract, he is, under these authorities, offered the alternative of deferring the bringing of his suit or the trial of the cause until after the expiration of the term of employment. In many cases—more especially in the event of a long term contract—the acceptance of this alternative might deprive the employee of all redress for his injury. The uncertainty involved in the computation of the damages to accrue after trial is not introduced by the act of the employee, but arises from the fault and wrong of the employer, and it appears to us constitutes no just reason for depriving the employee of his right to recover all the damages he has sustained, if he makes the best proof of which the case is susceptible.

As is said by the learned author of Labatt's Master & Servant:

"The courts which have adopted this doctrine have, it is submitted, failed to ascribe due weight to the consideration that the remedy of a servant who is not permitted to recover damages for the period subsequent to the trial, and is also restricted to a single action, must always be inadequate to some extent, and is preposterously inadequate in those instances in which the trial takes place at a time when a large part of the term still remains to be exhausted. The disallowance of prospective damages, therefore, is essentially inconsistent with the fundamental principle under which he is entitled to recover such an amount as will fairly compensate him for the loss of the opportunity of earning the stipulated wages." Section 363.

And in *Cutter* v. *Gillette*, 163 Mass. 95, 39 N. E. 1010, the court says:

"The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one ac-

tion. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prognostication are to be considered by the jury, and from the evidence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit. The liability to have the damages which he inflicts by breaking his contract so assessed is one which the defendant must be taken to have understood when he wrongfully discharged the plaintiff, and if he did not wish to be subjected to it he should have kept his agreement.''

For other cases allowing recovery to the end of the contract period, see *Hamilton* v. *Love,* 152 Ind. 641, 71 Am. St. Rep. 384, 53 N. E. 181, 54 N. E. 437; *Pierce* v. *Tennessee Coal, I. & R. Co.,* 173 U. S. 1, 43 L. Ed. 591, 19 Sup. Ct. Rep. 335 (see, also Rose's U. S. Notes); *Stearns* v. *Lake Shore & M. S. Ry. Co.,* 112 Mich. 651, 71 N. W. 148; *Webb* v. *Depew,* 152 Mich. 698, 125 Am. St. Rep. 431, 16 L. R. A. (N. S.) 813, 116 N. W. 560; *Seymour* v. *Oelrichs,* 156 Cal. 782, 134 Am. St. Rep. 154, 106 Pac. 88; *Boland* v. *Glendale Quarry Co.,* 127 Mo. 520, 30 S. W. 151; *Davis* v. *Dodge,* 126 App. Div. 469, 110 N. Y. Supp. 787; and see authorities cited in note to *Howay* v. *Going-Northrup Co., supra,* in 6 L. R. A. (N. S.) 113, and Labatt's Master and Servant (2d ed.), vol. 1, § 363. Compare *Moore* v. *Central Foundry Co.,* 68 N. J. L. 14, 52 Atl. 292.

We hold that, upon the breach of the contract by his wrongful discharge, the plaintiff had a cause of action which he could assert at any time within the period of statutory limitation to recover all damages he sustained. In such action he was entitled to a verdict in such sum as would compensate him for the injuries sustained not only to the day of trial but to the end of the contract period. The estimation of the damages to the time of trial should ordinarily be a matter of little difficulty. For the remainder of the period the jury would properly have been instructed to consider the wages agreed to be paid, the commissions which would probably have been earned, and such other probabilities or uncertainties affecting the continuance of the contract, or growing out of the terms thereof, or the plaintiff's ability to perform on his part, as might be shown by the evidence, and there should be allowed as a deduction whatever amount the plaintiff would probably earn in other suitable employment, by the use of reasonable diligence to find such employment. The object sought to be attained by the allowance of damages being to compensate the plaintiff for his actual loss, the verdict should be for the present net value of the benefits so estimated. See Labatt's Master and Servant, § 372, and cases cited.

The instructions complained of would appear to be substantially correct, with the exception that the court below, following the decisions of many able courts, did not instruct the jury to reduce to a present equivalent in money the benefits which would accrue to the plaintiff had the contract been performed. The difference in results between the instructions given and what we conceive to be the correct rule for estimating such damages could not have been great in this case, but, under other circumstances—as a long-term contract of employment—might prove to be a

considerable item and should not be ignored in any case.

Upon the second cause of action the complaint alleged damages in the sum of $750. Had the contract been carried out in accordance with its terms, the plaintiff, from the sixteenth day of October, 1920, at which time he was discharged, to its termination on the fourteenth day of June, 1921—a matter of eight months, or some thirty-three weeks—would have earned in wages alone, without counting commissions, the sum of $1,155.

Conceding that the instructions were erroneous in the particular just mentioned, the evidence introduced upon the trial not being before us, we cannot say that such error was prejudicial to the appellant. *Ross* v. *Kay Copper Co.,* 20 Ariz. 576, 184 Pac. 978. Certainly the case does not come within the exception recognized in that case requiring the judgment to be reversed where the erroneous instructions must have been prejudicial to appellant's rights, in any conceivable state of the evidence. Following that authority, we have no hesitancy in holding that, as it does not appear that the evidence might not have proved that plaintiff had sustained damages under his second cause of action in the sum awarded him by the jury, we must assume that such instructions were without prejudice to appellant.

Some expressions in the case of *Little Butte Con. Mines Co.* v. *Girand,* 14 Ariz. 9, 123 Pac. 309, are relied upon by counsel for appellant as authority to support their contention herein. As stated in that opinion, the case was tried by the plaintiff, the employee, "on the theory that he could recover wages at the price stipulated in the contract up to the date of bringing his suit, regardless of whether he actually worked for defendant or not."

After holding that the plaintiff, "having treated the contract of employment as an existing contract for

salary earned, . . . may recover the salary specified in the contract for services actually performed under it," the court further held that the plaintiff could not recover wages for two and one-half months elapsing after his discharge, during which time he rendered no service. The doctrine of "constructive service," upon which alone such a recovery could be predicated, was repudiated, and the ruling of the territorial Supreme Court to the same effect in *Old Dominion Copper M. & S. Co.* v. *Andrews,* 6 Ariz. 205, 56 Pac. 969, was approved. Such being the points really decided, it is apparent that the language of the court, quoting with approval from *Jones* v. *Dunton,* 7 Ill. App. 580, limiting the remedies of a wrongfully discharged employee for a breach of his contract to (1) a suit brought before the end of the term, in which suit he may recover the damages accrued to the time of suit, being thereby barred of any further recovery, and (2) the alternative of deferring suit until the end of the contract period, in which suit he might recover his entire damages, was not necessitated by any of the issues arising in the case, and was therefore *dictum.* We are therefore not constrained to follow such rules on the principle of *stare decisis. Friedman* v. *Suttle,* 10 Ariz. 57, 9 L. R. A. (N. S.) 933, 85 Pac. 726.

For the reasons given, the judgment will be affirmed.

ROSS, C. J., and McALISTER, J., concur.