## STOLZ v. WELLS.
### No. 2133.

Court of Civil Appeals of Texas. Beaumont.
Oct. 29, 1931.

Wm. O. Bowers, Jr., of Beaumont, for appellant.

Conley, Renfro & Keen, of Beaumont, for appellee.

O'QUINN, J.

On January 3, 1930, appellee, Wells, sued appellant Stolz, to recover damages for the alleged breach of a written contract of employment wherein Stolz agreed to employ Wells as his district sales manager of sales of monuments, memorials, and other manufactured marble and granite stone manufactured by Stolz at Beaumont, Jefferson county, Tex., at a salary of $100 per month, payable in semimonthly payments, and certain commissions on sales, for the period of one year, from January 1, 1930, to December 31, 1930, unless sooner terminated by either party giving the other written notice thirty days in advance of such termination.

Appellant, Stolz, answered by general and special demurrers, general denial, and by way of cross-action sought to recover damages for the alleged breach of his said contract by Wells, and also to recover a sum of money alleged to have been advanced by appellant to appellee in excess of the latter's sales commissions earned under a verbal contract for the period from April 1, 1929, to December 31, 1929.

Appellee answered appellant's cross-action by general demurrer, special exceptions, general denial, and sought to strike out appellant's cross-action.

The case was tried to a jury on special issues, in answer to which the jury found that appellant refused to carry out the contract; that appellee did not refuse to perform his part of the contract; that appellee was entitled to recover of appellant the sum of $1,150. On this verdict judgment was entered for appellee December 9, 1930. The judgment further decreed that appellant take nothing by his cross-action. Motion for a new trial was overruled, and the case is before us on appeal.

[1, 2] Appellant's first and second propositions, based upon several assignments of error, assert that the action of the court in changing and adding to his written charge to the jury after said charge had been submitted to counsel for their objections, and after said charge had been read to the jury, was fundamental error prejudicial to appellant, for which the judgment must be reversed.

This complaint is based upon the following facts: Special issue No. 1 inquired whether appellant, Stolz, refused to carry out the contract with appellee; the second special issue asked whether appellee refused to perform the contract; and special issue No. 3 was: "If you have answered Special Issue Number One (1) 'Yes,' then what amount of damages, if any, do you find from the evidence before you, the plaintiff, Jefferson Wells has sustained by reason of the breaching of said contract." After the charge had been prepared by the court and submitted to counsel, it was then read to the jury. While argument was being addressed to the jury, the court added to the third special issue the words: "To this date." This was over the objection of appellant, and the charge as thus changed was not read to the jury.

Appellant contends that this action of the court violated articles 2185 to 2187, and article 2193, R. S. 1925, and deprived him of substantial rights. Said articles, so far as material to said contention, provide in substance that the charge of the court shall be prepared and presented to counsel for inspection and a reasonable time allowed for examination and presentation of objections thereto, and that all objections not presented shall be considered waived; that the parties may prepare and request further charges and issues; that the charge of the court and all special issues given shall, before the argument is begun, be read to the jury in the precise words in which they are written; and that no communication shall be made to the jury until a verdict has been rendered. These articles, invoked and relied upon by appellant, have been held mandatory. Railway Co. v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098; Hickman v. Talley (Tex. Civ. App.) 8 S.W.(2d) 267, 270; Railway v. Parke (Tex. Civ. App.) 169 S. W. 397. And being mandatory, any violation of their provisions constitutes ground for reversal, unless it reasonably appears from the whole record that appellant was not injured thereby. Railway v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098, 1100. From a careful consideration of the record we are unable to say that no injury appears.

Appellant's fourth proposition complains that the court erred in refusing to give his special requested charge No. 3. It reads: "Gentlemen of the Jury: You are instructed that the measure of damages for the breach of a contract for personal services is the difference between what the employee would have earned under the contract and what he earned, or might have earned, by reasonable diligence in other employment."

The court gave no measure of damages in his charge to the jury, but appellant did not except to the charge. He did, however, request the above special charge, which the court refused, to which refusal appellant

properly reserved and has brought up his bill of exceptions. The charge stated the correct measure of damages ordinarily applicable to cases of this character, however, the refusal of the charge did not constitute reversible error because appellant did not plead in defense, in mitigation of such damages as might be rendered against him, that appellee, after the breach of the contract and before judgment, earned wages from some other employment, or could have done so by the exercise of reasonable diligence. This was a matter of special defense available to appellant only upon his pleading and proving same. 39 C. J. p. 100, § 117; Id., p. 108; 18 R. C. L. pp. 527, 528, § 38; 13 Ency. Pleading & Practice, 918; Southern Wells Sales Co. v. Eastham (Tex. Civ. App.) 181 S. W. 698; Pacific Express Co. v. Walters, 42 Tex. Civ. App. 355, 93 S. W. 496; Weber Gas & Gasoline Engine Co. v. Bradford, 34 Tex. Civ. App. 543, 79 S. W. 46; Southwestern Telegraph & Telephone Co. v. Bross (Tex. Civ. App.) 45 S. W. 178; Hamilton v. Love, 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. Rep. 384.

■ Appellant pleaded the provision of the contract that it might be terminated at any time by either party giving the other written notice thirty days in advance of the termination of the contract, and invoked same by requesting the court to instruct the jury that if they found that appellant did breach the contract with appellee, that recovery of appellee could be for only the month of January, that is, thirty days. The services of appellee were to have begun on January 1, 1930. He alleged that he duly presented himself and was ready to begin his duties on January 1, but that appellant refused to let him perform the contract and he then filed this suit on January 3d. The case was tried and judgment entered December 11, 1930. On these allegations and facts, appellant based his special charge. It is without dispute that appellant did not give appellee written notice of the termination of the contract. Appellee testified that he presented himself and was ready to begin the performance of his part of the contract on the date it was to commence, and that because of appellant's insistence that he (appellee) should maintain an office, pay for the services of a stenographer, and pay for water, lights, heat, and phone, which were not provided for in the contract, or the contract was off, at an end, he was prevented from carrying out his part of the contract. This appellant denied, but said he told appellee that if he (appellee) desired an office he would have to maintain same by paying the expenses of same. The jury found on this evidence that appellant breached the contract. The question is an interesting and difficult one. After having carefully considered the facts and the authorities, as we

view them, bearing on the question, we have concluded that appellant's contention is correct and that his special charge should have been given. 39 C. J. 111, § 137; Watson v. Russell, 149 N. Y. 388, 44 N. E. 161; Bryant & Stratton Business College v. Walker, 155 Ky. 707, 160 S. W. 241; Derry v. Board of Education, 102 Mich. 631, 61 N. W. 61; Johnson v. Pacific Bank & Store Fixture Co., 50 Wash. 58, 109 P. 205; Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. S. 995; Shea v. Kerr, 1 Pennewill (Del.) 530, 43 A. 843; Jacob Lyon v. Marie N. Pollard, 20 Wall. 403, 22 L. Ed. 361; Old Dominion Copper Mining & Smelting Co. v. Andrews, 6 Ariz. 205, 56 P. 969. Appellee insists that as the thirty days' notice provided in the contract was not given, the provision has no application, and the charge was properly refused. This contention is not sound. According to appellee, appellant refused to let him perform the contract—breached the contract at the very beginning of the period for which it was to continue. This was equivalent to notice and entitled him to recover for only one month's pay. Derry v. Board of Education, 102 Mich. 631, 61 N. W. 61; Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. S. 995; Watson v. Russell, 149 N. Y. 388, 44 N. E. 161. See authorities supra.

Other questions presented need not be discussed. The judgment is reversed, and the cause remanded for another trial in accordance with the above holding.

Reversed and remanded.