STERN CO. OF WASHINGTON, D. C., Inc.

v.

MUNNIKS.

No. 1413.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 14, 1953.

Decided Jan. 14, 1954.

1. Barger v. Baltimore & O. R. Co., 75 U. S.App.D.C. 367, 130 F.2d 401; Slater v. Cannon, D.C.Mun.App., 93 A.2d 92; see Municipal Court Rule 41(b).

Robert H. Campbell, Washington, D. C., for appellant.

Henry H. Brylawski, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee sued appellant for damages for breach of contract of employment. The evidence justified a finding that appellee, then employed in New York and earning approximately $200 per month, applied for employment in Washington with appellant, that appellant accepted the application and it was agreed that appellee should begin work on June 15 at a salary of $200 a month, that relying on this agreement appellee resigned from his position in New York and was prepared to begin work for appellant in accordance with the agreement, but on June 6 appellant notified appellee his services would not be accepted, and that appellee was unable to regain his employment in New York and did not secure employment until August 1. On this

evidence, the trial court awarded appellee judgment for $300.

Appellant assigns three errors. It is first claimed that counsel for appellee was allowed to testify as a witness and then permitted to remain in the case as active counsel. The record indicates that counsel was not a witness and did not testify, but merely read the deposition of plaintiff. There is no merit to the claim of error on this point. If the claim of error relates to certain statements made by counsel to the court relative to some lost exhibits, the answer is that no objection was made at the time.

The second claim of error is that the parties originally agreed that appellee would begin work on May 31 and appellee later wrote he could not begin work until June 15. It is claimed that this was a counteroffer which countermanded the original. Even if this be correct, the record shows that appellant agreed to the change.

Finally, it is contended that the damages awarded were excessive. This argument is based on the fact that the contract of employment was for no definite period and was therefore terminable at the will of either party.[1] Appellant says it simply exercised its right to terminate the contract and that no liability ensued from the exercise of that right. We do not agree with this conclusion. Under the circumstances of this case the trial court was entitled to find that although the contract was for an indefinite period, nevertheless the parties contemplated at least one month's employment. Therefore, if the notice prior to commencement of the employment be considered notice of appellant's election to terminate the contract, appellee was still entitled to recover an amount equal to one month's wages.[2] However, whether the contract be considered one for a definite employment of a month's duration or an indefinite em-

1. See Lyons v. Capital Transit Co., D.C. Mun.App., 62 A.2d 312.

2. See Stoltz v. Wells, Tex.Civ.App., 43 S. W.2d 163.

ployment terminable on reasonable notice,[3] and such notice could hardly exceed one month, we think appellee's recovery was limited to a month's salary or $200,[4] and the judgment for $300 was excessive. Accordingly the judgment is modified by reducing it to $200 and as so modified is affirmed.

Modified and affirmed.

3. See Littell v. Evening Star Newspaper Co., 73 App.D.C. 409, 120 F.2d 36.
4. See Fife v. Great Atlantic & Pacific Tea Co., 166 Pa.Super. 77, 70 A.2d 369, cer-
tiorari denied, 340 U.S. 837, 71 S.Ct. 21, 95 L.Ed. 614; Freiburger v. Texas Co., 216 Wis. 546, 257 N.W. 592.