APPOLONIA WARTH, Doing Business under the Firm Name of ALBIN WARTH, Appellant, *v.* SIMON LIEBOVITZ, Respondent.

CONTRACT — MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO ENTER INTO A LICENSE AGREEMENT. Where by a written memorandum one accepts proposals to lease a machine for a specified sum and certain royalties to be paid semi-annually during the lifetime of the patents, and promises that after the machine is installed he will execute a license agreement in accordance with the proposals, to which and the acceptance the agreement was attached and by reference incorporated therein, which license gave him the privilege, upon the payment of the royalty then due, of terminating the payment of royalty at any time by returning the machine, and while it was being installed and before its completion he refused to permit it to be completed, directs its removal and fails to sign the agreement, he may be treated either as guilty of a breach of his contract to enter into the license agreement after the installation of the machine, in which case the measure of damages is the sum specified for installing it, plus the royalty for the semi-annual period within which the contract was broken; or the contract may be considered as executed and complete and broken after its execution, although the license agreement was not signed, in which case the measure of damages is the sum specified for installing the machine, plus the royalties agreed to be paid as they fall due.

*Warth* v. *Liebovitz*, 83 App. Div. 632, affirmed.

(Argued May 12, 1904; decided August 5, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 19, 1903, modifying and affirming as modified a judg-

ment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Newton Fiero* and *Augustus J. Koehler* for appellant. The plaintiff was entitled to recover all the damages, present and prospective, which she suffered or would suffer by reason of the breach. (*Howard* v. *Daly*, 61 N. Y. 362; *Nichols* v. *S. S. Co.*, 137 N. Y. 471; *Wharton & Co.* v. *Winch*, 140 N. Y. 287; *McCready* v. *Lindenborn*, 172 N. Y. 400.) The true rule of damages was the amount of profit which plaintiff would have received had the contract been carried out. (*Wakeman* v. *W. W. S. M. Co.*, 101 N. Y. 205; *Witherbee* v. *Meyers*, 155 N. Y. 448; *Hinemann* v. *Heard*, 50 N. Y. 27; *R. L. Co.* v. *S. & P. Co.*, 135 N. Y. 209; *Allen* v. *McConihe*, 124 N. Y. 247; *Griffin* v. *Colver*, 16 N. Y. 489.)

*Gibson Putzel* for respondent. Upon the assumption that the contract was an agreement on defendant's part to enter into the license agreement, then, by reason of the defendant's default in so doing, the damages should not exceed at the utmost the sum of $450 plus one royalty. (*Eastman* v. *Mayor, etc.*, 152 N. Y. 472; *Watson* v. *Russell*, 149 N. Y. 388; *Clark* v. *Nat. B. & C. Co.*, 66 Fed. Rep. 222.) Even if this contract had been an absolute and unconditional one for the payment of certain stipulated semi-annual royalties during a fixed period, still in no event could the plaintiff recover more than the installments which had fallen due at the time of the commencement of this action. (*Wilde* v. *Smith*, 8 Daly, 196; *Wilcox Co.* v. *Hines*, 90 Hun, 347; *McCreedy* v. *Lindenborn*, 172 N. Y. 400; *Basset* v. *French*, 10 Misc Rep. 672; 155 N. Y. 46; *Cummings* v. *Hanson*, 63 How. Pr. 351; *Wetmore* v. *Jaffray*, 9 Hun, 140; *W., Jr., & Co.* v. *Winch*, 140 N. Y. 287; *Crane* v. *Powell*, 19 N. Y. Supp. 220; 139 N. Y. 379; *Beach* v. *Crain*, 2 N. Y. 86; *Zender* v. *Seliger Co.*, 17 Misc. Rep. 126.)

WERNER, J. On the 21st day of September, 1899, the plaintiff executed a written proposal in which she agreed to furnish to the defendant a patented cloth cutting machine with electric motor and attachments. The price of installing it was to be $450.00. There was also to be paid a semi-annual royalty of $150.00 during the life of one patent dated February 16th, 1892, and thereafter a semi-annual royalty of seventy-five dollars during the life of another patent dated December 20th, 1898. This proposal the defendant accepted by the execution of a written memorandum, in which he agreed to execute, after the machine was installed, a license agreement in accordance with the terms and conditions of the proposal. Attached to the proposal and acceptance, and by reference incorporated therein, was a printed form of a license agreement, the seventh clause of which contained a stipulation to the effect that the licensee might terminate the payment of royalty by returning the machine to the licensor, but this was coupled with the condition that the licensee should pay all royalty then due, and should not thereafter and during the life of the patents referred to, use or permit to be used in his business any other cloth cutting machine. The license agreement further provided that the licensee could avail himself of the privileges of the seventh clause only in case the license agreement should be actually signed and delivered. While the machine was being installed, but before its completion, the defendant directed its removal and refused to permit the plaintiff to continue the work. Upon plaintiff's failure to comply with the directions of the defendant, the latter delivered the machine at the place of business of the former, but without her consent.

Upon these facts, considered in the light of the proposal, acceptance and license agreement referred to, it seems obvious that the plaintiff had before her two distinct and independent courses of procedure. One was to treat the defendant as guilty of a breach of his contract to enter into a license agreement after the installation of the machine, and to ask for the damages appropriate to such a breach. The other was to con-

sider the license agreement as an integral part of the proposal and acceptance, on the theory that these three documents constituted a complete agreement, broken by the defendant after its execution, and upon which the plaintiff would be entitled to recover the sums therein stipulated to be paid, as they should become due according to its terms. That the plaintiff chose the first course is clearly indicated by the complaint as well as the conduct of the trial. The complaint, after setting forth the execution of the proposal and acceptance, the partial installation of the machine, defendant's interference with its completion, and his refusal to sign the license agreement, proceeds to state that the damages suffered by the plaintiff amount to $4,116.33 and asks judgment therefor.

At the trial the only proof of damages consisted of a computation of the royalty agreed to be paid for the full life of the patents, plus the $450.00 due when the machine was installed, less the interest which the defendant's money might have earned if he had paid royalty semi-annually during the term of the patents. In submitting the case to the jury the learned trial court charged that in the absence of other proof this was " rather persuasive evidence as to the value of the agreement" and refused to charge at defendant's request " that the jury may not find any damage beyond $450.00 and the amount of one royalty and interest on those amounts."

Defendant's appeal from the judgment entered upon this verdict resulted in a modification by which the plaintiff's recovery was reduced to six hundred dollars besides interest and costs. The opinion written for the learned Appellate Division indicates that in making this modification the latter court entirely rejected the theory upon which the complaint and the trial proceeded, and adopted the view that the defendant was guilty of a breach of an executed and complete agreement, but that his liability must be limited to the cost of installing the machine and the royalty for the first six months because he had returned the machine to the plaintiff.

In view of these conflicting theories and results it becomes important to discuss somewhat more at length the two modes

of procedure that were open to the plaintiff when the defendant made default in the execution or fulfillment of the contract, and to determine the measure of relief appropriate to each. As we have intimated, the plaintiff might have treated the contract as executed and complete, notwithstanding the defendant's failure to sign the license agreement (*Sanders v. Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209), but, in that view of the case, he should have brought his action or actions to recover the agreed price of installing the machine and the royalty as it should fall due, instead of seeking to recover in a single action as for a total breach of the contract. (*McCready v. Lindenborn*, 172 N. Y. 400.) The license under which the defendant acquired the right to use the plaintiff's machine for a definite period and at a specified royalty, with the privilege of returning the machine under certain conditions, is quite analagous to a lease of real estate upon a fixed rent payable in installments during a specified term, with a privilege to the tenant of sooner vacating the premises and ending his obligation. In either case the appropriate remedy in case of a breach of the contract after its execution would seem to be a suit to recover the amounts agreed to be paid, as they fall due. But when, as in the case at bar, it is claimed that there has been a breach of an agreement to enter into a contract, the remedy is entirely different. In such a case the value of the contract, if it can be ascertained, is the proper measure of relief to which the injured party is entitled. When the contract is absolute and unconditional as to its terms and duration, the full amount to be paid under it may be the only proper rule of damages that can be applied to its breach, but when the guilty party has reserved the right to abrogate the contract, the conditions under which he may do so must necessarily affect his liability because they limit the value of the contract to the other party. (*Watson* v. *Russell*, 149 N. Y. 388.) In the contract under consideration the defendant had reserved the right to return the machine at any time and to terminate his liability by the payment of all royalty due at the time of making such return. This express

condition of the contract very clearly limited the liability of the defendant. The only sums which the defendant was then absolutely bound to pay were the $450.00 due for installing the machine, and the royalty for the first six months which, although not then due, may be properly added to the value of the contract, because it was the stipulated royalty for the period within which the contract was broken. That was the value of the contract when this action was commenced, and we think it was error for the learned trial judge to refuse to charge, as requested by defendant's counsel, "that the jury may not find any damage beyond $450.00 and the amount of one royalty of $150, and interest on those amounts."

From this brief history of the case it will be noted that while the case was tried upon the theory presented by the complaint, the rule of damages laid down by the learned trial judge was altogether inappropriate and the verdict excessive. So, on the other hand, the amount of damages fixed by the learned Appellate Division was correct as applied to the theory of the complaint and the trial, but was arrived at upon the erroneous assumption that it was the proper measure of defendant's liability for a breach of the contract after its execution. We agree with the Appellate Division as to the amount that the plaintiff is entitled to recover, but we do not concur in the reasons given for the result.

We have not discussed the effect of defendant's attempted return of the machine because we regard it as immaterial in any view of the case. Upon the theory presented by the plaintiff in his complaint and at the trial, the defendant's breach consisted in his refusal to permit the completion of the machine and to sign the license contract. The very nature of the action precludes the idea that the machine should be left in defendant's possession, and, hence, the manner of its return to the plaintiff is of no importance. If this were an action upon the contract to recover the royalty and the initial cost of installing the machine, a different situation would be presented, for, in that event, the defendant could not be liable if he had paid what was due, and he could not make an effective

return of the machine so long as any royalty remained unpaid, any more than he could relieve himself from payment of royalty so long as he should use any other cloth cutting machine. The difficulty with all of these questions is that they have no place in the particular form of action brought by the plaintiff.

The judgment of the Appellate Division should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT and MARTIN, JJ., concur; PARKER, Ch. J., and VANN, J., dissent.

Judgment affirmed.