EARL GROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74965.   Promulgated June 18, 1935.

*Earl Groth* pro se.
*James H. Yeatman, Esq.,* for the respondent.

#### OPINION.

LEECH: The respondent determined a deficiency in income tax against petitioner in the sum of $337.50 for the calendar year 1931. The only error assigned is the action of the Commissioner in refusing to classify as earned income of the petitioner, the sum of $22,000 received by him in the taxable year from Kresge Department Stores, Inc. The facts were stipulated.

On April 30, 1927, the petitioner entered into a contract with Kresge Department Stores Corporation covering his services as senior vice president and general manager for a period of five years

commencing June 1, 1927, and ending June 1, 1932. The petitioner was to receive a salary of $40,000 a year for the first three years, and $50,000 for the last two years. In a supplemental agreement executed by the parties on May 24, 1927, provision was made for termination and cancellation of the agreement dated April 30, 1927, by the Kresge Stores Corporation at any time during the term thereof by it giving the petitioner sixty days' notice of its intention so to do and paying him the sum of $50,000. The petitioner remained in the employ of the Store Corporation from April 20, 1927, to on or about August 1, 1929, when that corporation terminated the agreement of April 30, 1927, and dispensed with petitioner's services.

In 1931 the petitioner accepted from the Store Corporation the sum of $22,000 in compromise and full settlement of his claims against it under these agreements. In the fall of 1929 the petitioner acquired a controlling interest in the capital stock of the Rurodes Dry Goods Co., and thereafter up to and including the year 1931 was employed by such company as president on a salary basis.

The sole issue here is whether the payment of $22,000 so received by petitioner constituted earned income within section 31 (a) (1) of the Revenue Act of 1928, which provides as follows:

(a) *Definitions.*—For the purposes of this section—

(1) "Earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

The agreement of April 30, 1927, and supplemental agreement of May 24, 1927, constituted petitioner's contract of employment by the Kresge Department Stores Corporation. Such contract, by its terms, provided for cancellation by that Stores Corporation upon sixty days' notice and the payment of $50,000 on termination of the agreement. The contract contains no statement as to what the $50,000 will represent if and when paid. It does not characterize that item as additional compensation for services already rendered, liquidated damages due petitioner or a penalty imposed upon the corporation for its cancellation of the contract. But such specific description is not necessary to give such item the legal effect of liquidated damages or a penalty. Where, as here, a contract of employment contains a pro-

vision for cancellation upon notice and a payment of a specified sum, such provision limits the liability of the party having the right to cancel, and the fixed sum to be so paid, for the cancellation privilege, constitutes liquidated damages to the other party to the contract. *Worth* v. *Liebovitz*, 179 N. Y. 200; 71 N. E. 734; *Fletcher* v. *Elliott-Fisher Co.*, 153 N. Y. S. 885; *Dallas* v. *Murry*, 75 N. Y. S. 1040; *McGregor* v. *Gilmore*, 54 N. Y. S. 589; *De Vere* v. *Gilmore*, 54 N. Y. S. 587; *Brisco* v. *Litt*, 42 N. Y. S. 908; *Watson* v. *Russell*, 149 N. Y. S. 388; 44 N. E. 161; *Fisher* v. *Monroe*, 21 N. Y. S. 995; *Derry* v. *Board of Education*, 61 N. W. 61. This is so, certainly, unless it might be said that the damages flowing from the breach of this contract are easily ascertainable, or, as fixed by the agreement, are plainly disproportionate to the injury resulting from the cancellation of the contract. *Mosler Safe Co.* v. *Maiden Lane Safe Deposit Co.*, 199 N. Y. 479; 93 N. E. 81; *Eikenberry* v. *Thorn*, 61 Ind. A. 468; 112 N. E. 112; *Sun Printing & Publishing Association* v. *Moore*, 183 U. S. 642.

Petitioner contends the contested $22,000 he received in compromise of his claim, under the $50,000 item, merely increased his compensation earned under his contract. We can not agree.

It seems obvious from a consideration of the present contract in the light of the above principles that the intent of both parties thereto, which must control us here (*Sun Printing & Publishing. Association* v. *Moore, supra*), was not to provide an increase in salary for services rendered under the contract. That construction would imply that the increased payment was to be made for services performed by petitioner *under* the contract, whereas, in fact, the disputed item was not intended to cover *any services* petitioner performed, under the contract or otherwise. The questioned item was premised upon a termination and cancellation of the contract. It was intended to and did represent liquidated damages due petitioner upon cancellation of the contract by the Stores Corporation, or a penalty due petitioner from that corporation upon such cancellation.

In 1931 petitioner compromised this claim for such liquidated damages or penalty for the sum of $22,000. Such amount was therefore received by petitioner not as compensation but as liquidated damages or a penalty.

In neither event is such sum " wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered ", which the quoted statute defines as " earned income." *A. M. Johnson*, 32 B. T. A. 156; *Permanent Homes Land Co.*, 27 B. T. A. 142; cf. *E. Phillips Oppenheim*, 31 B. T. A. 563.

*Decision will be entered for respondent.*