MORRIS BARTH, Individually and on Behalf of Others, Respondent, *v.* THE ADDIE Co., INC., Appellant, and HARRY SHERMAN, as President of MOVING PICTURE MACHINE OPERATORS UNION OF GREATER NEW YORK, LOCAL No. 306 OF THE INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, Respondent.

(Argued March 16, 1936; decided April 15, 1936.)

*Melvin A. Albert* and *Milton C. Weisman* for appellant.

*Henry H. Silverman* for plaintiff, respondent.

*Samuel M. Birnbaum* and *Copal Mintz* for defendant-respondent.

LOUGHRAN, J. Plaintiff was a member of a union of moving picture machine operators in the city of New York. Defendant, an owner of motion picture theatres in that city, made a contract with the union for the exclusive employment of its members as moving picture machine operators for the year beginning September 1, 1933. On that date the plaintiff and five other members of the union became employed by the defendant under the contract, each at a weekly wage thereby fixed.

On September 3, 1933, the defendant, without notice to any one, undertook to reduce the wage schedules established by the contract. Against their protest, the six union employees were paid thenceforth at lower rates so declared.

On January 26, 1934, the plaintiff brought this action, alleging the breach by the defendant of its contract with the union and praying injunctive relief and damages. On February 14, 1934, he received a written notice in which it was stated that after two weeks his services would not be required by the defendant. Still protesting the decrease in his pay, he continued to work until March 4, 1934. He was then discharged by the defendant without cause. Two days later the union put another man in his place.

Meantime and on February 8, 1934, the union had been granted leave to intervene as a party defendant in this action. It alleged that each of the five of its members employed with the plaintiff under the contract had been paid by the defendant less than the stipulated weekly

wage in breach of the agreement, and, in their behalf, it demanded damages accordingly in addition to the same equitable relief sought by the plaintiff.

On February 11, 1935, the trial court rendered judgment for the plaintiff and for the union. On appeal by the defendant, the Appellate Division affirmed the judgment in so far as it awarded damages against the defendant, the matter of other relief having at that stage become academic (246 App. Div. 618). This appeal by the defendant was taken by permission of this court.

For the period up to his discharge, the plaintiff recovered the difference between what he was paid and his wage as fixed by the contract ($360.89). This was right. For the balance of the contract term (26 weeks) he recovered his contract wage ($52.65 per week) in the sum of $1,368.90. This, in his case, was error.

The contract made this provision: " The party of the first part [defendant] shall not discharge any member of the party of the second part [the union] whose salary is payable weekly, unless the party of the first part shall, two weeks prior to such discharge, give to the party of the second part notice in writing of such intention to so discharge such employee; except that any employee may be discharged at any time by paying to him, in advance, two weeks' salary." Nothing was paid to the plaintiff in accordance with this stipulation and we assume that he was discharged without the prescribed notice to the union. Even so, we think the words that have been quoted plainly said that any loss to the plaintiff consequent upon his being discharged was to be liquidated at the money equivalent of what he would have earned under the contract in the next two weeks. (See *Watson* v. *Russell*, 149 N. Y. 388; *Warth* v. *Liebovitz*, 179 N. Y. 200, 204; 2 Labatt on Master and Servant [2d ed.], §§ 473, 477.) The amount of the recovery by the plaintiff should, therefore, be reduced to $466.19, with interest, costs and disbursements.

We have not overlooked the fact that this action was begun before the plaintiff was discharged. It is hard to see how that circumstance could add to the value of the contract to the plaintiff or diminish a privilege reserved by the contract to the defendant.

The case of the union stands differently. None of the members for whom it intervened was discharged by the defendant during the contract term. Each of them was properly allowed the difference between what the defendant paid to him and what he should have received under the contract.

The judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to the intervener-respondent against the defendant-appellant, and with costs to the defendant-appellant against the plaintiff in this court and in the Appellate Division. (See 271 N. Y. 615.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgment accordingly.