JOHN WANHOPE and Others, Appellants, *v.* THE PRESS COMPANY, INC., Respondent.

Third Department March 8, 1939.

*John T. DeGraff*, for the appellants.

*Charles E. Brennan*, for the respondent.

BLISS, J. On June 30, 1937, the appellants, all of whom were employees of the respondent, were notified that the next day they would be dismissed from such service. Early that year the Tri-City Newspaper Guild, acting in behalf of the appellants and other news department employees of the respondent, had treated with the respondent as to their terms of employment and after extended negotiations the respondent had issued a statement, effective as of March 1, 1937, of its employment policy which was to prevail for one year. It contained the result of mutual agreements on the part of both parties. Among its terms were the following:

" Employees who are dismissed will receive one week's pay for each year of service through ten years."

" Two weeks' vacation with pay is granted to those employed for one year or more, and one week's vacation with pay to those employed six months but less than one year.

" The Press Company will retain full hiring and dismissal rights, except for Guild activity."

Upon dismissal each of the appellants received severance pay in accordance with the terms of the agreement. They had not, however, taken their vacations and this action is brought to recover pay for the period of vacation to which they were each respectively entitled. Vacations were generally taken during the summer months, although the vacation schedule which was posted by respondent in May showed that some vacations came during other periods of the year. The City Court rendered judgment dismissing the complaint without stating the grounds for its decision.

Respondents urge that the agreement was void for lack of mutuality, but there is nothing either in the agreement itself or the relations of the parties to sustain this contention. The guild, which concededly represented the employees, conducted the negotiations with the employer in their behalf and it is undisputed that the agreement was the result. A specific statement by each employee that he agreed to work under the terms of the policy statement was not necessary. (*Wood* v. *Duff-Gordon,* 222 N. Y. 88.) The employees, by continuing to work for the respondent after the posting of the statement of policy, accepted its terms which thus became a part of the contract of employment and were the conditions under which the employment was carried on. Both master and servant were bound by it. It contains provisions to the advantage of both of the contracting parties and there appears to be no reasonable basis for a conclusion that the contract of employment lacked mutual assent.

The appellants urge that under the contract the employer agreed unqualifiedly to give these particular appellants two weeks' vacation with pay and that it has breached this portion of the agreement. We do not so construe the contract. Although the posted terms were to continue for one year, the Press Company specifically retained " full hiring and dismissal rights, except for Guild activity." With the single exception, which is immaterial here, it might discharge any employee at any time. The appellants do not contend that their dismissal upon one day's notice violated any of their rights. The dispute relates only to the amounts which appellants were entitled to receive upon dismissal. Ordinarily the sum to be paid under such circumstances is limited by the amount of wages for the period of notice required. (*Watson* v. *Russell,* 149 N. Y. 388.) But here upon such dismissal the discharged employees were to receive stipulated amounts of severance pay. This severance pay constituted the liquidated damage for the dismissal, whenever that might happen. (*Barth* v. *Addie Co.,* 271 N. Y. 31.) Apparently some employees received their vacations before their discharge. But whether they did or not, the contract gave the employer the right of discharge at any time upon payment of the agreed severance pay. We may not direct an additional payment to these appellants beyond that which they agreed to accept upon dismissal.

The judgment should be affirmed, with costs.

RHODES and McNAMEE, JJ., concur; HILL, P. J., dissents, with an opinion, in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). Defendant, a newspaper publisher, released sixteen employees on July 1, 1937. The terms of their employment beginning March 1, 1937, were fixed following negotiations between defendant and a labor union — the Tri-City Newspaper Guild — and were posted in defendant's place of business. Defendant impliedly recognized the existence of the contract by posting it and asserted its existence in the letter of dismissal: " All present editorial staff members not mentioned in the above list are asked to confer with the auditor before Friday regarding the severance pay provided for under Paragraph 9 of the agreement with the Newspaper Guild under which the Press Company is now operating." Paragraph 9 follows: " Employees who are dismissed will receive one week's pay for each year of service through ten years."

It is admitted in the answer that none of the plaintiffs had received a vacation with pay during the year of the dismissal. The contract provides: " Two weeks' vacation with pay is granted to those employed for one year or more, and one week's vacation with pay to those employed six months but less than one year." There has been a practical construction by the defendant in regard to paragraph 9 above quoted which concerns dismissals, that in determining rights gained by the length of service, consideration is to be given employment prior to March 1, 1937, the date of the contract. A similar construction should be given to the vacation provision which promises two weeks' vacation for each employee who has served for one year. Employment starting on November first would earn pay for two weeks without working if the employee continued until the following November first, or if he chose after working until May first following, he would be entitled to pay for one week without working. This is an increment to the weekly wage, payable in a lump sum, to which the plaintiffs are as much entitled as to the weekly payments. The dismissal provision is not an alternative for the vacation provision. Compliance with the former does not release the defendant from performance under the latter.

I favor a reversal.

CRAPSER, J., concurs.

Judgment affirmed, with costs.