AUGUSTO MONTEFALCONE, Appellant, *v.* BANCO DI NAPOLI TRUST COMPANY OF NEW YORK, in Liquidation, et al., Respondents.

First Department, January 26, 1945.

*Samuel F. Frank* of counsel (*Warren M. Rodgers* with him on the brief, *Frank, Weil & Strouse,* attorneys), for appellant.

*Isadore H. Cohen* of counsel (*Edward Feldman* with him on brief; attorney), for respondents.

UNTERMYER, J. The Banco Di Napoli Trust Company of New York was a moneyed corporation more than 97% of whose stock was owned by the Banco Di Napoli of Italy. The Banco Di Napoli of Italy was represented in this country in respect to the affairs of the Trust Company by Antonio Corigliano, the executive vice-president of the Trust Company, under a written power of attorney. The plaintiff, after September 1, 1930, was continuously employed by the Trust Company. On January 27, 1937, he was elected " auditor " of the Trust Company, and after February 1, 1939, served in that capacity under a written contract terminable by either party " with or without cause ", on two weeks' notice.

On November 19, 1941, the board of directors of the Trust Company adopted the following resolution: " RESOLVED that upon severance of employment all officers of this Company shall be entitled to receive, within three (3) weeks following such severance, an amount equal to one month's pay for every year of employment with this Company."

The refusal of this " severance pay " is the basis of the first and second causes of action contained in the complaint.

The Trust Company, on November 19th, also adopted the following resolution: " RESOLVED that all officers and employees of this Company shall be entitled to receive a Christmas bonus equal to two (2) weeks' wages."

The refusal of this " Christmas bonus " for the year 1941 is the basis of the third cause of action.

Both these resolutions were signed by Corigliano, as acting secretary.

The complaint and the plaintiff's affidavits also allege a custom of the Trust Company to grant a three weeks' vacation with pay to officers of the corporation, and he sues for a prorated vacation allowance for the year 1941 for which he contends no vacation was received. This is the basis of the fourth cause of action.

On December 11, 1941, following the declaration of war between the United States and Italy, the Superintendent of Banks took possession of the Trust Company for purposes of liquidation. On December 29, 1941, he served notice on the plaintiff terminating his employment as of December 31st, but

leaving open the plaintiff's claim for "severance pay" as well as the other claims asserted in the complaint. Eventually, however, these claims were rejected by the Superintendent and the rejection was followed by this suit. A motion by the defendants for summary judgment dismissing the complaint was met by a motion by the plaintiff for judgment in his favor. The Special Term denied the plaintiff's motion and granted the defendants' motion for summary judgment.

The plaintiff's claims for "Christmas bonus" and "vacation pay" were, we think, properly rejected by the Special Term. In the absence of proof of any custom to the contrary the first of these claims is controlled by the decision in *Wanhope* v. *Press Co., Inc.* (256 App. Div. 433, affd. 281 N. Y. 607); the other is shown to be without substance by the conceded fact that the plaintiff had received a full three weeks' vacation in the summer of 1941. On the remaining cause of action for "severance pay", which is very much the largest of the claims, we think that summary judgment should have been refused.

Both parties appear to concede that the plaintiff was separated from his employment with the Trust Company on December 11, 1941, when the Superintendent took possession, rather than on December 31st, and we shall, therefore, assume that to be the correct date when "severance pay" became due, if payable at all. That the plaintiff was severed from his office or employment on that date seems, indeed, not to admit of any doubt, for whatever may have been the occasion for the "severance", the fact remains that on the morning of December 11, 1941, he occupied the position of "auditor", and, without fault on his part, he had ceased to occupy that position on the evening of that day. The contention which, however, is principally argued on behalf of the defendants, is that the plaintiff should be denied recovery because he was separated from his office or employment not by any action of the Trust Company but by the intervention of the State.

If the action were for damages for breach of a contract of employment resulting from the appointment of the Superintendent of Banks for purposes of liquidation, it is fully established that it could not be maintained. (*People* v. *Globe Mut. Life Ins. Co.*, 91 N. Y. 174.) But the cause of action here is of a different character and does not rest upon the theory that the plaintiff's employment should have been continued beyond December 11, 1941, but that upon the severance of the relationship, from whatever cause other than dereliction of duty, he became entitled to the additional compensation established

for his benefit. Such " severance pay " was not in any true sense damages, but constituted compensation earned, the amount of which was measured by the extent of previous services. (*People ex rel. Metropolitan Life Ins. Co.* v. *Hotchkiss,* 136 App. Div. 150; *Scott* v. *P. Lorillard Co.,* 108 N. J. Eq. 153.) No prerogative of the State is impugned if the Superintendent is required to satisfy a claim which does not rest upon any theory of wrongdoing in the termination of the employment or for damages accruing in the future. (*McCargo* v. *Jergens,* 206 N. Y. 363.) We conclude, therefore, that the plaintiff, upon a proper state of facts, may be entitled to recover " severance pay " to December 11, 1941, precisely as he might recover for salary earned and unpaid at that time.

The defendants also maintain that the promise expressed in the resolution is without consideration. The trier of the facts could readily find, however, that the plaintiff desired to avail himself of these benefits of which he was advised (*Wanhope* v. *Press Co., Inc.,* 256 App. Div. 433, *supra*) and that, as he asserts, he continued in the employment in reliance thereon (*Young* v. *U. S. Mortgage & Trust Co.,* 214 N. Y. 279). It is, therefore, unnecessary to consider whether consideration is required to sustain the resolution under subdivision 3 of section 33 of the Personal Property Law which became effective on September 1, 1941.

We are of opinion, however, that there are issues of fact which justified the denial of the plaintiff's motion for summary judgment for the amount of the " severance pay ". Although, as the plaintiff contends, there are circumstances which would warrant a finding that the resolution was adopted in the best interest of the corporation and in good faith, there are also circumstances which entitle the defendants to litigate that issue at a trial. The defendants should be permitted to establish, if they can, that the resolution was adopted in the interest of the officers rather than in the interest of the Trust Company at a time when it was, perhaps, foreseen that war would break out between the United States and Italy, and that the Trust Company, foreign owned and controlled, would be seized and liquidated. In so holding we do not imply that this is necessarily the only issue to be tried.

The judgment and order should be modified by denying defendants' motion for summary judgment as to the first and second causes of action contained in the complaint, and as so modified affirmed, without costs.

Martin, P. J., Townley, Glennon and Dore, JJ., concur.

Judgment and order unanimously modified by denying defendants' motion for summary judgment as to the first and second causes of action contained in the complaint, and as so modified affirmed, without costs. Settle order on notice. [See 269 App. Div. 685.]