JOHN SQUADRITO, Plaintiff, *v.* CREDITO ITALIANO et al.,
Defendants.

City Court of the City of New York, Special Term, New York County,
May 20, 1948.

*Edward Feldman* for defendants.

*Frank, Weil & Strouse* for plaintiff.

SCHIMMEL, J.   The plaintiff and the defendant, the Superintendent of Banks, have each applied for summary judgment under rule 113 of the Rules of Civil Practice.

The plaintiff sues on an alleged cause of action of his own and also as assignee of the causes of action of two other persons who, like him, were employees of Credito Italiano, an Italian-

owned and controlled corporation which was taken over by the Superintendent of Banks in December, 1941.

The causes of action are based upon claims of the plaintiff and his assignors to bonuses for the second half of the year 1941, payable about the middle of December.

It is clearly shown that it was the custom of the defendant to pay similar bonuses each year and that this had been going on for a period of many years. In fact, bonuses were regularly paid twice each year, in June and December. At the beginning of each semiannual period, the managing director of the New York agency would draw up a list of prospective bonus payments covering each employee, and would then forward the list to the home office in Italy for approval. This approval was always given and moneys would be set aside and paid into a special account called "Amministrazione Centrale." Out of this account payments in proper proportions would be made to the various employees. In the case of the plaintiff, such payments had been made to him since he entered defendant's employ in 1917.

The same practice was followed in the year 1941. The defendant bank obtained approval from the home office to pay to the plaintiff $900, and to his assignors $350 and $500, respectively. These bonus payments would have been made about the middle of December, 1941, except that by reason of the state of war between the United States of America and Italy that occurred on December 11, 1941, the defendant Superintendent of Banks took possession of the assets of the bank on that day, and has declined to make such payments.

The plaintiff and his assignors have a contractual right, accrued, liquidated, and in no sense contingent, to these bonus payments. The amounts were determined and the obligation to make the payments became fixed when the home office in Italy approved the recommendations of the director of the New York branch. It is plain that this was done in accordance with the custom of many years standing, and that the plaintiff and his assignors had long relied upon these semiannual bonus payments as constituting part of their compensation. I do not think it is important that the plaintiff and his assignors were prevented by the outbreak of war and by the taking of possession of the bank by the Superintendent of Banks from continuing their employment after December 11, 1941. The payments would have been made to them on or about December 15, 1941, and it seems to me that by December 11th there had

been substantial performance by the plaintiff and his assignors of the services which they were required to render for the second half of 1941. It is not as if the plaintiff and his assignors had abandoned their employment before the termination of that semiannual period, or as if they were discharged. They were simply prevented from working any more by forces beyond their control and that of their employer.

*Montefalcone* v. *Banco Di Napoli Trust Co. of N. Y.* (268 App. Div. 636), relied upon by defendant, related in part to claims for " Christmas bonuses " and " vacation pay." The court said (p. 639): " In the absence of proof of any custom to the contrary the first of these claims is controlled by the decision in *Wanhope* v. *Press Co., Inc.* (256 App. Div. 433, affd. 281 N. Y. 607); the other is shown to be without substance by the conceded fact that the plaintiff had received a full three weeks' vacation in the summer of 1941." But in the present case the proof of custom, going back to 1917, is of conclusive effect. The *Montefalcone* case (*supra*) also related to a claim for " severance pay ". But in that connection there was a question as to whether a resolution of the directors of the defendant bank awarding such pay was adopted in good faith. Here there is no basis for any such doubt concerning the right of the plaintiff and his assignors to the semiannual bonuses for which this suit was brought, inasmuch as in allowing and making provision for those bonuses the defendant, Credito Italiano, did nothing which was in any way a departure from long-established practice. That the plaintiff and his assignors also received " severance pay " earlier in the year 1941, does not affect their right to these bonuses, inasmuch as they continued thereafter to work and remained in the bank's employ almost until the end of the year, when the bank was taken over by the Superintendent of Banks. No facts have been presented which indicate that the receipt of such severance pay was inconsistent with the right of plaintiff and his assignors to these bonuses.

Accordingly, plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice is granted. Judgment may be entered in favor of plaintiff and against defendant in the sum of $1,750, with interest from December 31, 1941.

The motion of the defendant for summary judgment is denied.