Van Voorhis, J. (concurring).
The clause in this labor contract that no regular employee shall be discharged or disciplined without good and sufficient cause, is not eouivalent to *163 providing term employment for each employee until the expiration date of the collective bargaining agreement. Under the ruling in Rotnofshy v. Capitol Distrs. Corp. (262 App. Div. 521), the union could have obtained redress by arbitration if an employee were discharged for union activity, without being put to the necessity of prosecuting an unfair labor practice claim before the Labor Board. The presence of a closed or union shop clause in the agreement in the Rotnofshy case (as in the present case) strengthens the view that the nondischarge clause is to implement the prevention of anti-union activity. If plaintiff-appellant had an individual right to term employment by defendant-respondent, instead of the employment being at will, he would be entitled to intervene in any arbitration proceeding instituted by the union or to commence such a proceeding himself if the union refused to do so or, if he could not do that, to sue the employer at law (cf. Donato v. American Locomotive Co., 283 App. Div. 410, affd. 306 N. Y. 966). If plaintiff has an individual right, then, under the law, he must also have a remedy (Schuster v. City of New York, 5 N Y 2d 75; 11 Am. jur., Common Law, § 2, pp. 154-155). The Donato case (supra) is not to the contrary. It is said in the opinion there in the Appellate Division that where an individual employee has enforcible rights of his own under a collective bargaining agreement, an individual employee may have the right to maintain a direct action for damages where there is no arbitration clause barring such an action and, where arbitration is the exclusive remedy under the contract, to demand arbitration if the union is neglectful of his rights. The portion of the Donato opinion which is quoted in the majority opinion in this case does not express the holding of the court therein but only what was phrased as one possible alternative which was not adjudicated. The Appellate Division said there (p. 415): “We are not called upon to decide in this ease what remedies the plaintiff might have had if he had acted promptly and had pursued a different course ”, concerning which it is remarked that “ The law upon this subject is still in a state of flux.”
The union may not have a beneficial interest in the job tenure of employees. Such a holding would enable a labor union in its discretion to prevent any of its members from receiving the benefit of union wage scales or other individual property rights *164 secured to the employees by collective bargaining agreements. Where such an agreement enures to the direct benefit of employees (Barth v. Addie Co., 271 N. Y. 31; Gulla v. Barton, 164 App. Div. 293), a union cannot exert power over its members by attempting to provide in the contract that what the union obtains for them the union can also take away. In the pending action, however, as the Appellate Division has held, this labor contract provides for no term of employment enforeible by anyone, and the clause in question is solely for the benefit of the union in order to prevent attacks upon it by discrimination in the discharge of union members. For this reason I vote to affirm the order of the Appellate Division.
Chief Judge Conway' and Judges Desmond, Dye and Froessel concur with Judge Burke; Judges Fuld and Van Voorhis concur in separate opinions.
Judgment affirmed.