Martin B. Stecher, J.
The plaintiffs are former employees of the defendant. They sue (in the words of the complaint) for wages allegedly withheld from them “between 1964 and 1966 * * * in violation of Section 193 of the Labor Law of the State of New York.” The defendant has not answered but instead moves for judgment dismissing the complaint on the ground that the plaintiffs have no legal capacity to sue (CPLR 3211, subd. [a], par. 3) and for failure to state a cause of action (CPLR 3211, subd. [a], par. 7). Alternatively the defendant seeks a stay of proceedings pending arbitration (CPLR 7503, subd. [a]).
Plaintiffs were employed to replenish the contents of defendant’s coin-operated vending machines and to collect and remit to their employer the proceeds of the sales. During the approximately two years involved, the defendant employer, from time to time, allegedly found receipts missing, charged them to the *311 respective plaintiffs and deducted the amount thereof from the plaintiffs’ paychecks. The plaintiffs disputed these deductions and, refusing to accept responsibility for the alleged shortages, were discharged by the defendant on July 21, 1966. The action is for the sums so deducted from plaintiffs’ wages.
At all material times the plaintiffs were members of the International Brotherhood of Teamsters, Chauffeurs, Warehouse-men and Helpers of America, Local 805, which had collective bargaining agreements with the defendant employer. The employer’s challenge to plaintiffs’ right to sue is based on the arbitration clauses contained in these contracts.
The 1963 agreement which expired on June 7, 1965, provided in part that “ all complaints, grievances and disputes arising out of the employment of any covered employee * * * shall be referred to an impartial arbitrator ’ ’ if prior consultation between union and employer proved to he unfruitful.
The succeeding agreement which was in effect from June 8, 1965 until after the termination of the plaintiffs’ employment did not contain this clause, but provided for arbitration of disputes between the employer and the union concerning the meaning and application of the provisions of the contract, as well as any other dispute arising between the union and the employer. While it may be argued that the difference in language between the two clauses may require differing results, I do not deem it necessary to the decision to draw this distinction.
Generally, a common-law right exists to sue for wages (Barth v. Addie Co., 271 N. Y. 31); and a person may not be required to arbitrate his claim in the absence of his agreement, in writing, to do so (CPLR, 7501, 7503). Defendant, however, relying heavily on Parker v. Borock (5 N Y 2d 156) asserts that the aforesaid provisions of the collective agreements in effect bar the right of the individual union member to bring such an action.
No case, however, called to my attention by the parties or found by independent research, deals with the facts here presented : a suit by employees for wages earned where the subject matter of the suit involves neither an interpretation of the collective agreement nor the enforcement of a right created by its provisions.
In Parker v. Borock (supra), the court held that the plaintiff, an employee at will but for the collective agreement, could not bring an action for damages arising out of his discharge in violation of the terms of the collective agreement; and that by virtue of the terms of the contract, his rights, if any, could only be enforced in arbitration and only by the union. Judge Ftjld in a concurring opinion emphasized (p. 162) “that the result *312 is dictated * * * by policy considerations ” involving “ countless questions” arising out of “ discharge cases.” In another concurring opinion Judge Van Voobhis pointed out (pp. 162-163) that the retention-of-employee clause in the contract 1 ‘ is not equivalent to providing term employment ’ ’. What the employee there sought to enforce was a right created by the collective agreement; but created as it was by the collective agreement, the right could only be enforced in accordance with the contract’s terms.
Cases frequently cited which mandate union-employer arbitration involve violations of discharge clauses (Matter of Soto [Goldman] 7 N Y 2d 397); enforcement of contract provisions barring private agreements between employer and employee (Chupka v. Lorenz-Schneider, 12 N Y 2d 1); payment of contract mandated severance pay (Republic Steel v. Maddox, 379 U. S. 650) or similar benefits (Matter of Potoher, 2 N Y 2d 553); the contract wage scale to be applied to a new product (Matter of Sealtest Foods, 18 A D 2d 947); the termination of Christmas bonuses theretofore paid annually (Matter of Newspaper Guild [Tonawanda Pub. Corp.], 20 A D 2d 211); and the disposition of routemen’s securities deposited as expressly permitted by the collective agreement (Matter of Bakery Drivers Union [Krug Baking Co.], 19 A D 2d 301).
It is clear that in each of these situations, the dispute involved the interpretation or enforcement of a union contract. The case at bar, however, deals with neither; yet this court is asked to hold that even the right to sue for unpaid wages is surrendered by the employee when his union contract contains an arbitration clause.
As indicated above, no reported case which has come to my attention deals with this issue. The courts have, however, recognized at least by way of dicta, that not every individual right of action against the employer is surrendered upon the execution of a collective agreement (Zdanok v. Glidden Co. 288 F. 2d 99, 102, affd. 370 U. S. 530; Bilinski v. Delco Appliance Division, 23 A D 2d 805, mot. for lv. to app. den. 16 N Y 2d 482).
On the other hand, the Appellate Division, Second Department, in a strongly worded dictum, said that its Appellate Term erred in stating that an employee’s common-law right of action for wages cannot be taken away by the agreement made between his employer and his union. That issue however was not then before the court, as the case involved the plaintiff’s proper job and wage classification under the union contract (Zuber v. Commodore Pharmacy, 24 A D 2d 649).
*313 If the instant motion should be granted, the plaintiffs could not compel the defendant to arbitrate, as that right is confined to the parties to the contract: the union and the employer (Parker v. Borock, supra; Chupka v. Lorenz-Schneider, supra). Moreover, despite dicta to the contrary, if the union should refuse to initiate arbitration, it is dubious that an action by the plaintiffs would lie against the union (Saint v. Pope, 12 A D 2d 168; 37 N. Y. Univ. L. Rev. 41, 48; 37 N. Y. Univ. L. Rev. 362, 366; 36 N. Y. Univ. L. Rev. 545, 552; 36 N. Y. Univ. L. Rev. 1446, 1451). Although it has been held that a stay granted on .the employer’s motion may be vacated if the employer fails to initiate arbitration (Zuber v. Commodore Pharmacy, supra) the dissent in the Zuber case casts doubt that even that relief will remain available.
The refusal to allow a union member to enforce the collective agreement against his employer was the result of “ policy considerations ” enunciated by the Court of Appeals (Parker v. Borock, supra, p. 162). In the absence of a determination that public policy requires a contrary result, this court will not further circumscribe the already diminished right of individual action remaining to union-member employees against their employers who have entered into collective bargaining agreements.
Two other points deserve comment: The employees allege their action is to enforce rights created by section 193 of the Labor Law which did not become effective until October 1, 1966, more than two months after their discharge by the defendant. Nonetheless, the complaint states a cause of action. It is suffir ciently particular to call to the court’s attention the transactions intended to be proved and the material elements of the claim (CPLR 3013). No substantial right of the defendant is prejudiced by ignoring the reference to the statute; it is a. defect which may be ignored; and the mandate of liberal construction of pleadings bars dismissal on this ground (CPLR 3026).
In a reply affidavit (the last document served) defendant, the moving party, mentions one or more arbitrations between the parties concerning the subject matter of the suit. While arbitration and award may be a complete defense to the action (CPLR 3211, subd. [a], par. 5), it cannot be raised in this offhand fashion where no opportunity is given the adversary to contest the claim. The defense, however, may still be raised in a responsive pleading (CPLR 3211, subd. [e]).
The motion is in all respects denied.