Jerome W. Marks, J.
This appears to be a case of first impression. The court has been unable to find any authority *975 directly in point on the question presented: Is an employee discharged for “cause ” entitled to severance pay as liquidated damages resulting from termination of a written employment contract at will?
The within plaintiff demands summary judgment as against his former employer, for various classes of compensation claimed to arise out of an employment agreement dated March 19, 1971. Plaintiff was employed as an associate publisher for defendant, Fashion Week from April 1, 1971 until his dismissal on or about June 9, 1972. Defendant contends that no moneys whatsoever are due plaintiff, since (a) plaintiff’s dismissal was for “ cause ”, and (b) the plaintiff’s alleged misconduct included insubordination, threats and obscene writings which constituted a breach of the terms of his employment.
Such parties ask the court to interpret and enforce the terms of the employment agreement dated March 19, 1971, under which the plaintiff worked, which contains the following wording: “ should Fashion Week desire to dispense with your services, you will be given three months’ notice or an amount equal to three months’ salary. This amount will be paid upon discharge ”.
In the case of Gillet v. Bank of America (160 N. Y. 549, 554), the court stated: “If there is any uncertainty or ambiguity as to the meaning of the agreement, it should be resolved in favor of the plaintiff, as it was the defendant who prepared this contract. If there is any doubt as to the meaning of the terms employed, the defendant is responsible for it as the language is wholly its own.”
Since that portion of the employment agreement quoted above is silent as to whether it is terminable under specifically enumerated circumstances, it must be read as though it were terminable for any reason, including a discharge for “ cause ”. When so construed, the agreement should read that the employee may be terminated for any reason whatsoever by the employer. Consequently, this court finds that the agreement dated March 19, 1971, represents a hiring at will, for an indefinite period, which was terminable at any time by either employer or employee, without incurring any future liability. The parties to such agreement, however, substituted a liquidated damage clause therein, in lieu of compensation, thereby entitling the plaintiff to three months’ severance pay upon discharge from employment.
The courts have held that a discharged employee’s right to compensation for past services rendered may not be defeated by claims of wrongdoing, unless the conduct complained of ‘1 sub *976 stantially violates the contract of service ” (Turner v. Kouwenhoven, 100 N. Y. 115, 120). In the case of Abramson v. Dry Goods Refolding Co. (166 N. Y. S. 771, 773) the court stated in part: “ It follows that where, as in this case, the employer alleges facts sufficient to .show dishonesty and disloyalty on the part of his employe which permeates the employé’s service in its most material and substantial part, the employe cannot recover the agreed compensation; for he has failed essentially to give the stipulated consideration for the agreed compensation, and is asking for pay for his own wrongdoing.”
Examination of the papers submitted herein indicates that the plaintiff employee was continued in his employment, while being compensated therefor, for at least six months after the earliest instance of conduct 'alleged to be either disloyal or insubordinate, which continuance is an indication that the employer, Fashion Week did not consider such conduct of so serious a nature as to violate the employment relationship.
Taking the factual showing of the employee’s claimed insubordination at face value, this court finds that the conduct complained of does not go to the very heart of the service contract of employment between the parties. Defendant’s papers fail to demonstrate a refusal on the part of the plaintiff to perform a substantial, material part of the contract of employment to the detriment of the employer. Consequently, if the plaintiff has completed the services required of him, then his letter-writing faults, no matter how obnoxious or obscene, may not be used to defeat his right to earned compensation upon discharge from employment (Barth v. Addie Co., 271 N. Y. 31; Wanhope v. Press Co., 256 App. Div. 433; Herman v. Branch Motor Express Co., 67 Misc 2d 444).
Based upon the cases cited above, inasmuch as this employee has not been shown to have been disloyal to the extent that the employer-employee relationship was destroyed, there is no question that he would have been entitled to his regular pay for completed work. He is, therefore, entitled to severance pay agreed upon, since this court makes no distinction between various forms of compensation. As long as the employer-employee relationship remains intact, the employer is bound by the terms of the employment contract sued upon herein.
Partial .summary judgment is granted plaintiff for the agreed three months ’ severance pay, in the sum of $6,250.
There being no basis in the agreement of March 19, 1971 for the inclusion of the element of vacation pay, summary judgment is granted the defendant dismissing the plaintiff’s claim therefor ' *977 in the amount of $755.67 (Wanhope v. Press Co., 256 App. Div. 433, supra).
As to the remaining sums sued for by plaintiff, including commissions, expenses and salary, which represent mixed questions of fact and law, their resolution is left for a trial court to determine. Summary judgment upon such additional causes of action .is accordingly denied.