Jeffrey EISENBERG, Petitioner,

v.

ANGELO, GORDON & CO., L.P., Respondent.

No. 99 Civ. 10613(SHS).

United States District Court, S.D. New York.

Jan. 25, 2000.

Clayton A. Prugh, Ross & Hardies, New York City, Bruce S. Sperling, Mitchell H. Macknin, Robert D. Cheifetz, Sperling & Slater, P.C., Chicago, IL, for petitioner.

## OPINION & ORDER

STEIN, District Judge.

Jeffrey Eisenberg has petitioned this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, to vacate in part an arbitration award dated July 20, 1999. Specifically, Eisenberg seeks to vacate that portion of the award that allegedly denied him "trailing commissions," that is, commissions for certain income generated after termination of his employment by respondent Angelo, Gordon & Co., L.P. Angelo Gordon, a registered broker dealer engaged in the investment advisory and securities brokerage business, has cross-moved to confirm the award in its entirety.

The arbitration was held over the course of ten days under the auspices of NASD Regulation, Inc. at its Office of Dispute Resolution in New York, pursuant to the rules of the National Association of Securities Dealers, Inc. The nine-page award is thorough in its recitation of the arbitral proceedings, including summarizing the case and the relief requested, and is specific both in its award—including an award to Eisenberg of $285,750—and in its denial of all other claims.

The Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1).

■ It is well settled that judicial review of an arbitration award is extremely limited. " 'The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof.' " *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir.1998) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (citations omitted)); *see also Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir.1985). The Federal Arbitration Act permits a district court to vacate an arbitration award in specific narrow circumstances. *See* 9 U.S.C. § 10(a).[1]

Eisenberg seeks to have the denial of his claim for "trailing commissions" vacated on the ground that that portion of the award was rendered in manifest disregard of the law.

■ "Manifest disregard of the law" is a judicially-created ground for vacating an arbitration award that supplements the statutory grounds set forth in 9 U.S.C. § 10(a). *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir.1986) (citing *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953)). In order to set aside

---

1. Section 10(a) of Title 9 permits a district court to vacate an arbitration award only in the following circumstances:
   (1) Where the award was procured by corruption, fraud, or undue means.
   (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
   (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
   (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

an award due to manifest disregard of the law, the legal error committed by the arbitration panel:

> must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.

*Id.* at 933–34; *accord DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 821 (2d Cir.1997).

 Eisenberg has made no such showing here. First, it is not entirely clear that the arbitrators did in fact deny his claim for trailing commissions, since the award did include a specific award of $285,750 to Eisenberg. Arbitrators are not required to set forth the specific components of an award. *See International Bhd., of Electrical Workers v. Niagara Mohawk Power Corp.,* 143 F.3d 704, 716 (2d Cir.1998) ("'Arbitrators have no obligation to the court to give their reasons for an award.'" (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960))); *ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.,* 102 F.3d 677, 686 (2d Cir.1996) ("So long as some ground for the arbitrators' award 'can be inferred from the facts of the case, the award should be confirmed.'" (quoting *Sobel v. Hertz, Warner & Co.,* 469 F.2d 1211, 1216 (2d Cir.1972))).

Even if the award did deny Eisenberg trailing commissions, however, that denial does not constitute an obvious legal error, or any legal error at all. Eisenberg claims that the award manifestly disregards the law that his alleged oral agreement, which purportedly entitled him to such commissions, was not barred by the New York Statute of Frauds. However, the award is entirely consistent with a possible conclusion by the arbitrators that there was no oral agreement to begin with. There certainly was extensive testimony presented to that effect, and issues of credibility are for the arbitral panel, not the court, to resolve. *See International Bhd. of Elec. Workers,* 143 F.3d at 716 ("A court is not authorized to revisit or question the fact-finding or the reasoning which produced the award."); *Campbell v. Cantor Fitzgerald & Co.,* 21 F.Supp.2d 341, 349 (S.D.N.Y.1998) ("[I]t was up to the arbitrators to make factual findings, weigh the evidence, resolve evidentiary conflicts, and assess the credibility of witnesses." (collecting cases)).

Accordingly, petitioner's motion to vacate the arbitration award in part is denied, respondent's cross-motion to confirm the award is granted, and the Clerk of Court is directed to enter judgment confirming the award.