OPINION OF THE COURT
Carol E. Huff, J.
Petitioner seeks to confirm the award of New York Stock Exchange arbitrators dated December 10, 1999 for $1.422 mil *448 lion in past compensation. Petitioner had held various high-level positions with respondent, a broker-dealer. Respondent cross-moves to vacate the award on the ground that the arbitrators ruled in “manifest disregard” of applicable law.
The parties dispute whether state or federal law governs this proceeding. However, according to petitioner’s own statement of claim in the arbitration, petitioner and respondent “executed a Uniform Application for Securities Industry Registration form (commonly known as a ‘U-4 form’) pursuant to which any and all disputes arising out of Halikias’s employment relationship with UBS are subject to arbitration, and must, be submitted to and decided under the auspices of the NYSE Arbitration Department.” (Statement of claim ]} 3.)
The Court of Appeals has found that “the arbitration of disputes concerning employment in the securities industry and the enforceability of the arbitration clause embodied in petitioners’ U-4 Form applications are governed by the Federal Arbitration Act (FAA).” (Matter of Salvano v Merrill Lynch, Pierre, Fenner & Smith, 85 NY2d 173, 180 [1995]; see 9 USC § 10 et seq.) Accordingly, the FAA governs this proceeding.
The central issue in this proceeding is whether it was permissible for the arbitrators to find that petitioner was entitled to additional bonus compensation for 1997-1998, the final year he worked for respondent. The standard for review of an arbitral decision under the FAA has been stated as follows:
It is well settled that judicial review of an arbitration award is extremely limited. “ ‘The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof.’ ” (Rocket Jewelry Box, Inc. v Noble Gift Packaging, Inc., 157 F3d 174, 175 [2d Cir 1998], quoting Willemijn Houdstermaatschappij, BV v Standard Microsystems Corp., 103 F3d 9, 12 [2d Cir 1997].) “‘Manifest disregard of the law’ is a judicially-created ground for vacating an arbitration award that supplements the statutory grounds set forth in 9 U.S.C. § 10(a). * * * In order to set aside an award due to manifest disregard of the law, the legal error committed by the arbitration panel: must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term ‘disregard’ implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.” (Eisenberg v Angelo, Gordon & Co., L.P., 82 F Supp 2d 180, 181-182 [SD NY 2000] [citations omitted].) “[A]n arbitration award will not be *449 vacated for a mistaken interpretation of law” (Matter of Sobel [Hertz, Warner & Co.], 469 F2d 1211, 1214 [2d Cir 1972]), but manifest disregard will be found where the arbitrators simply ignore applicable law, as where both parties essentially agree on the law and explain to the arbitrators, who nevertheless completely disregard the law or the evidence. (E.g., Halligan v Piper Jaffray, Inc., 148 F3d 197 [2d Cir 1998], cert denied 526 US 1034 [1999].)
Here, both parties strenuously disputed before the arbitrators both the law and the facts as to whether the bonus at issue was discretionary.
Respondent cites petitioner’s original compensation agreement and employment handbooks that all state that bonuses are wholly discretionary. It cites case law such as Hall v United Parcel Serv. of Am. (76 NY2d 27, 36 [1990]), in which the Court of Appeals found that “[a]n employee’s entitlement to a bonus is governed by the terms of the employer’s bonus plan.” On the other hand, petitioner alleged that respondent’s prior course of conduct and prior representations committed it to pay appropriate bonuses. He cites cases that indicate that, in the context of employment of securities professionals, bonuses may not be entirely discretionary. See, for example, Mirchel v RMJ Secs. Corp. (205 AD2d 388, 390 [1st Dept 1994] [“(A)n implied contractual relationship may be established by conduct of the parties, as well as by express agreement * * * The course of dealing between the parties evinces an implied promise that annual or semi-annual bonus payments constitute a part of plaintiffs compensation”]) and Berardi v Fundamental Brokers, Inc. (1990 WL 129174, *6, 1990 US Dist LEXIS 11388, *18-19 [SD NY 1990]), in which the court stated:
“An implied contract for the payment of a bonus has been recognized in New York and other jurisdictions. Squadrito v. Credito Italiano, 193 Misc. 34 * * * (City Ct. N.Y. Co. 1948) (twenty year custom of awarding bonuses, which were long relied upon by plaintiffs as part of their compensation); Wineburgh v. Seeman Bros., 21 N.Y.S.2d 180, 186-87 (Sup. Ct. N.Y. Co. 1940) (bonuses paid every year of corporation’s existence, employees expected bonuses, reserve fund was set aside for payment of bonuses and bonuses charged as liability on company books).”
To put the award in context, in 1995 and 1996 petitioner was paid $110,000 and $112,500 in salary, and $1.275 million *450 and $1.65 million in bonuses, respectively. In 1997 and the first five months of 1998, petitioner was paid $112,500 and $150,000 in salary, and $600,000 and nothing in bonuses, respectively. The parties dispute how well respondent performed during these years.
It is not for this court to determine whether petitioner would have been entitled to additional compensation under state contract law, but only whether the arbitrators disregarded obvious and instantly perceivable applicable law. Because of the often stated policy favoring arbitration as an alternative to judicial process, even mistaken interpretations of law by arbitrators will be tolerated. In this case, it cannot be said that the award was in manifest disregard of a clearly governing legal principle.
Accordingly, the award is confirmed, and the cross motion is denied.