578

748 P.2d 1202

Shirley BRITT and Paul Parido,
Plantiffs/Appellees/Cross–Appellants,

v.

RED MESA UNIFIED SCHOOL DIS-
TRICT NO. 27, COUNTY OF APACHE;
Wallace Todacheeny, Bob Cook and
Dick Sagoney, individually and in their
capacities as members of the Governing
Board of said District, Defendants/Ap-
pellants/Cross–Appellees.

No. CV–86–0579–PR.

Supreme Court of Arizona,
En Banc.

Dec. 3, 1987.

Hufford & Horstman, P.C. by Margaret
A. McCullough, Flagstaff, for plaintiffs/ap-
pellees/cross-appellants.

Ruzow & Sloan by Lawrence A. Ruzow,
Allen Sloan, Flagstaff, for defendants/ap-
pellants/cross-appellees.

HOLOHAN, Justice.

The appellees, Shirley Britt (Britt) and
Paul Parido (Parido), two school teachers,
challenged the action of the school board of
the appellant Red Mesa Unified School Dis-
trict No. 27 (Red Mesa) in refusing to re-
new their teaching contracts or grant them
a hearing on the issue. The superior court
granted relief to Britt but not to Parido.
The Court of Appeals affirmed the judg-
ment in favor of Britt but reversed the
judgment against Parido. *Britt v. Red
Mesa United School District No. 27*, 155
Ariz. 571, 748 P.2d 1195 (App.1986). We
granted review to consider a single issue:
When a new school district is formed pur-
suant to A.R.S. § 15–458 does tenure sta-
tus earned in the "old" district carry over
to the newly formed district?

FACTS

Britt was a "continuing" teacher, *i.e.*,
with tenure, having taught for ten years
with the Chinle Unified School District No.
24 (Chinle). Parido was a probationary
teacher, without tenure in the Chinle Dis-
trict, having taught for three consecutive
years prior to the 1983–84 school year. In
February 1983, the Red Mesa district was
formed as the result of a subdivision of the
Chinle District, pursuant to A.R.S.
§ 15–458. School board members for the
Red Mesa district were appointed in Febru-
ary and March. On March 4, 1983, the Red
Mesa Governing Board held its first orga-
nizing meeting and passed a resolution
which stated that Red Mesa would recog-
nize the tenure status of teachers in the

Chinle District. The resolution provided in part as follows:

> We have chosen to make a statement indicating the direction we hope to provide for our new district in the days, months, and years ahead. In order to provide a firm understanding of our committment [sic] to quality education and to eliminate as much as possible, the uncertainty and negative speculation currently existing, we are making this statement in the form of a resolution as follows:
>
> \*   \*   \*   \*   \*   \*
>
> 6. This Board is under no legal obligation to accept contractual agreements made by other governing boards. This Board recognizes this poses a potential threat, whether real or imagined, to the tenure status of teachers with the result of creating an atmosphere of tension that is not conducive to good education. This Board wants to reassure the teachers of this district in the following manner:
>
> A. This Governing Board will "recognize" the tenure status, including leave and salary conditions of all teachers who are currently teaching in the attendance centers constituting the new Red Mesa Unified School District No. 27. Mr. [Alan] Wright [Administrative Assistant to the Superintendent] will be directed to address any specific questions on this matter in consultation with the Apache County Attorney's Office.
>
> B. The Governing Board is directing Mr. Wright at this time to prepare a letter to all teachers who are currently teaching in the attendance centers constituting the new Red Mesa Unified School District No. 27 requesting them to indicate their intention to either remain in the old district or become an employee of the new district. This letter is to be returned to Mr. Wright prior to March 25, 1983.
>
> \*   \*   \*   \*   \*   \*
>
> D. Letters will be delivered to all teachers stating our intentions to either issue or not issue contracts prior to April 15, 1983.

Both Britt and Parido were offered and accepted contracts for the 1983–84 school year in the Red Mesa District, and both taught in the District during that school year. The 1983–84 contracts do not indicate any grant or recognition of tenure status. At the end of the school year, neither Britt nor Parido were recommended for renewal, and they were notified by the school board that they would not be given contracts for the 1984–85 school year. Britt and Parido requested hearings but their requests were denied. Appellees filed this action in superior court for declaratory and injunctive relief. After a trial the trial judge held that neither Britt nor Parido were tenured teachers in the Red Mesa District, but that Britt had acquired a constitutionally protectible property right because she had been a tenured teacher in the Chinle School District. The trial court ruled that Britt was entitled to a hearing in order to contest the refusal to offer a contract for the 1984–85 school year. The trial court, however, decided that Parido was not entitled to any relief because he was not a tenured teacher.

On appeal, the Court of Appeals stated that although the Red Mesa School District was not obligated to hire Britt or Parido for the 1983–84 school year, the district having elected to contract with them, was "required to accept their tenure status as it stood in the Chinle District." 155 Ariz. at 576, 748 P.2d at 1200. The court stated that this conclusion was warranted from the "special relationship" that exists between the new and old school districts as a consequence of their creation pursuant to A.R.S. § 15–458. *Id.* at 576–577, 748 P.2d at 1200–1201. The court also determined that Britt and Parido must be accorded relief beyond that ordered by the trial judge, and remanded the case for the trial court to fashion a satisfactory remedy.

We concur in the result reached by the Court of Appeals, but we disagree with the Court of Appeals' interpretation of A.R.S. § 15–458. Because of the importance of this issue for the future guidance of school boards of new school districts created from a part of an existing district, we granted

review to clarify the meaning of the statute.

## A. TENURE STATUS

The determination of whether a teacher is tenured is based upon the individual falling within the definition of "continuing teacher" in A.R.S. § 15–501.[1] A "continuing teacher" is defined as one who is a full-time classroom teacher employed under contract in an accommodation school, a certificated full-time classroom teacher employed under contract in a school district, a school principal devoting not less than 50% of his time to classroom teaching, or a supervisor of school children's activities, and whose contract is renewed for a fourth consecutive year. A.R.S. § 15–501(A)(3). Continuing teachers, or teachers with tenure, are entitled to a hearing and an appeal from such hearing once they are informed that a teaching contract will not be renewed. *See* A.R.S. §§ 15–538.01(A), 15–541, 15–543(A). A "probationary teacher," on the other hand, is a certificated teacher employed under contract by a school district as a full-time classroom teacher, or, a school principal devoting at least 50% of his time to classroom teaching, or a supervisor of school children's activities, and who is not a continuing teacher. A.R.S. § 15–501(A)(6). A "probationary teacher," unlike a continuing teacher, is not entitled

to a hearing upon receipt of the governing board's notice of intent not to offer a teaching contract for the subsequent year. *See* A.R.S. § 15–536(C); *Johnson v. Board of Education,* 101 Ariz. 268, 272, 419 P.2d 52, 56 (1966).

Because Britt had worked for over ten years in the Chinle District, she was a continuing teacher, with tenure. Because Parido had only taught for three consecutive years in the Chinle District, he did not have tenure in the Chinle District.

The issue presented for review is whether tenure status earned in an existing school district carries over to a new school district, formed pursuant to A.R.S. § 15–458. The Court of Appeals concluded that Britt and Parido were entitled to tenure under the statute. Although we disagree with this interpretation of the statute, we conclude, however, that the teachers were entitled to tenure status based upon the promises made by the Red Mesa School District.

## B. SUB–DIVISION OF SCHOOL DISTRICTS

A.R.S. § 15–458, as effective in 1983, provides for the formation of a "new" school district by subdividing an existing school district.[2] The statute does not contain language providing for a transfer or

---

1. References to statutes in this opinion are to the statutes in effect at the time this dispute arose in 1983.

2. The statute reads:

   **§ 15–458. Formation of new district by subdivision of existing district; entitlement to monies; failure to open school; division of assets**

   A. In a school district containing a student count of more than two hundred fifty, a new school district may be formed by a subdivision of the old one upon a petition signed by fifty-one per cent of the qualified electors of the original school district. The petition shall set forth the proposed boundaries of the school district to be formed together with the student count and the amount of real property valuation within the school district to be formed. No new school district may be formed unless the real property valuation per student count is sufficient to support the school in a manner comparable to other school districts of similar size.

   B. The petition shall be presented to the governing board of the original school district for approval or disapproval. If approved, the petition shall be endorsed by the governing board and transmitted to the county school superintendent who shall make his record of boundaries conform and shall notify the board of supervisors of the formation of the new school district and its boundaries. The new school district shall become operative on July 1 next after the date upon which the petition is approved.

   C. No new school district formed by a subdivision of an old school district is entitled to any share of the public monies belonging to the old school district until a school has been actually commenced in the new school district. Unless within six months after the making of the order creating a new school district a school is opened therein, the order shall be void.

carry-over of tenure acquired at the old or existing school district. Nor do any cases construe A.R.S. § 15–458 to provide carry-over tenure status.

Furthermore, no Arizona statute provides that tenure acquired at an existing school district is to be transferred over to a new school district that has been subdivided from the existing district. *See e.g.,* A.R.S. § 15–443 (formation of new school district); A.R.S. § 15–444 (formation of high school district); A.R.S. § 15–448 (establishment of unified school district); A.R.S. § 15–453 (formation of joint common school districts); A.R.S. § 15–459 (consolidation of school districts); A.R.S. § 15–460 (change in school district boundaries). There is, however, one Arizona statute that provides for the preservation of tenure status where a teacher transfers between a common (elementary) school district and a high school district, provided the districts have coterminous boundaries and governing board. *See* A.R.S. § 15–547. The fact that the Legislature made this particular provision for the transfer of tenure status without making similar provision in other school district-formation circumstances indicates that it was aware of the subject matter, but except for the instance of A.R.S. § 15–547, it did not require that tenure status earned in an existing district be carried over to the new district formed pursuant to A.R.S. § 15–458.

█ In Arizona, tenure status for teachers is statutory in nature. A.R.S. § 15–501 et seq.; *Mish v. Tempe School Dist. No. 3,* 125 Ariz. 258, 262, 609 P.2d 73, 77 (App. 1980). We conclude that tenure status earned in an existing school district does not carry over to a new school district formed pursuant to A.R.S. § 15–458. The Court of Appeals erred, therefore, in finding that Britt and Parido were entitled to carry-over tenure status by virtue of A.R.S. § 15–458.

█ We agree, however, with the Court of Appeals' conclusion that the Red Mesa District did elect to contract with Britt and Parido through its resolution recognizing the tenure status of Chinle District teachers. Although Parido was only a probationary teacher in the Chinle District, the Red Mesa District's extension of a teaching contract for the 1983–84 school year constituted renewal of Parido's contract "for a fourth consecutive year" by virtue of the Governing Board's promise to recognize tenure status. Parido was therefore entitled to tenure in the Red Mesa District. Britt's tenure status, already acquired in the Chinle District, was also entitled to be "recognized" by the Red Mesa District. We conclude that since the Red Mesa School District had contracted with Britt and Parido to recognize their tenure status, both teachers had tenure in the Red Mesa District, and therefore were entitled to a hearing.

## CONCLUSION

The opinion of the Court of Appeals is modified by vacating only that portion of the opinion construing A.R.S. § 15–458. In all other respects the opinion is approved, and the case is remanded for further proceedings in conformity with the opinion of the Court of Appeals as modified by this court.

GORDON, C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.

FELDMAN, Vice Chief Justice, concurring.

I concur with the result reached by the majority and with much of the analysis. I write separately to emphasize that although a tenured teacher may not transfer tenure rights to a new district formed by subdivision of an old district, there being no statutory provision for such extension of tenure, the creation of a new district under A.R.S. § 15–458 does not deprive the teacher of his or her existing tenure rights in the old district. Thus, although I agree that Britt has no statutory tenure rights in Red Mesa Unified School District, I emphasize that she retained her statutory tenure rights in Chinle Unified School District.