799 P.2d 9

**Shirley BRITT and Paul Parido, Plaintiffs/Appellees,**

v.

**RED MESA UNIFIED SCHOOL DISTRICT NO. 27, COUNTY OF APACHE, Wallace Todacheeny, Bob Cook and Dick Sagoney, individually, and in their capacities as the members of the Governing Board of said District, Defendants/Appellants.**

No. 2 CA–CV 90–0021.

Court of Appeals of Arizona, Division 2, Department B.

April 30, 1990.

Review Dismissed Oct. 23, 1990.

---

**390**

Hufford Horstman McCullough & Mongini, P.C. by Margaret A. McCullough and Eve A. Parnell, Flagstaff, for plaintiffs/appellees.

Lawrence A. Ruzow, Window Rock, for defendants/appellants.

## OPINION

FERNANDEZ, Chief Judge.

At issue in this appeal is the amount of damages and attorney's fees awarded to two teachers after Division One of this court and the Arizona Supreme Court determined that appellants had wrongfully terminated them. We affirm the award.

In February 1983, the Red Mesa Unified School District was formed in Apache County as a result of the subdivision of the Chinle Unified School District pursuant to A.R.S. § 15–458. Appellees Shirley Britt and Paul Parido were teachers in the Chinle School District. Britt was a continuing teacher with tenure, having taught for ten years with the Chinle District. Parido was a probationary teacher without tenure who had taught for three years in the Chinle District. Both were offered and accepted contracts for the 1983–84 school year in the Red Mesa District, and both taught there during that school year.

In April 1984, both were informed they would not be offered contracts for the 1984–85 school year. Their request for a hearing was denied by the school board, and they sued for breach of contract, fraud, misrepresentation, and injunctive relief. After a trial, the court ruled that neither teacher was tenured in the Red Mesa District but that Britt had acquired a constitutionally protected property right because she had been a tenured teacher in the Chinle District. The court ruled that she was entitled to a hearing to contest the district's refusal to offer her a contract for the 1984–85 school year. It ruled that Parido had no property right because he had not been tenured in the Chinle District. After an appeal, Division One of this court held in *Britt v. Red Mesa Unified School District No. 27*, 155 Ariz. 571, 748 P.2d 1195 (App.1986) that although the Red Mesa District was not obligated to hire either Britt or Parido for the 1983–84 school year, once it did hire them, it was required to accept their tenure status as it then existed in the Chinle District. The court also determined that Britt and Parido must be accorded relief beyond that ordered by the trial judge and remanded the case for him to fashion a satisfactory remedy.

The Arizona Supreme Court granted review because it disagreed with the court of appeals' interpretation of A.R.S. § 15–458. *Britt v. Red Mesa Unified School District No. 27*, 155 Ariz. 578, 748 P.2d 1202 (1987). The court concluded that tenure status earned in an existing school district does not carry over to the new district formed pursuant to A.R.S. § 15–458. However, it agreed with the court of appeals' conclusion that Red Mesa School District had elected to contract with Britt and Parido

through its board resolution that recognized the tenure status of Chinle District teachers. The court held that although Parido had only been a probationary teacher in the Chinle District, the Red Mesa District's extension of a teaching contract for the 1983–84 school year constituted renewal of his contract for a fourth consecutive year by virtue of the board's promise to recognize tenure status in the Chinle District, thus entitling him to tenure in the Red Mesa District. It concluded that Britt was also entitled to be recognized as tenured by the Red Mesa District because she was tenured in the Chinle District.

The supreme court modified the court of appeals' opinion and vacated only that portion construing A.R.S. § 15–458. The case was then remanded for further proceedings in conformity with the modified opinion of the court of appeals.

Following remand, the damage issue was tried. Appellees sought damages to compensate them for all lost wages, sick leave, holidays, professional leave, personal leave, retirement, medical and life insurance benefits less any earnings for the period of unemployment from 1984 through May 1988. Both also requested attorney's fees and costs, and Parido sought damages for the repossession of his home and car. Parido requested $138,866 and Britt requested $133,483; appellants argued that Parido should receive $3,716 and Britt should receive $28,914. The trial court found that appellees' claims terminated on February 1, 1988, the date that Red Mesa offered both reinstatement. The court disagreed with both parties and awarded Britt $57,516 plus accrued interest and Parido $65,878 plus accrued interest for lost wages only. Both appellees were awarded sick leave and personal leave credit and the opportunity to reinstate their retirement benefits through reimbursement of withdrawn funds. Parido was denied damages for his lost home and vehicle. Both were also awarded attorney's fees.

On appeal, appellants contend that the court incorrectly applied the law on mitigation of damages and awarded appellees attorney's fees and costs for issues unrelated to the tenure question.

## MITIGATION OF DAMAGES

Appellants first argue that there was no conflicting evidence on the issue of mitigation and contends we are thus free to substitute our judgment for that of the trial court, citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966). We disagree. The issue of whether a party has fulfilled the duty to mitigate damages is a question of fact, not one of law. *Northern Arizona Gas Service, Inc. v. Petrolane Transport, Inc.*, 145 Ariz. 467, 702 P.2d 696 (App.1984); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 603 P.2d 513 (App. 1979). Most of the two-day hearing in this case involved conflicting evidence on the issue of mitigation of damages.

> The law is well settled that the only damages which may be recovered by an employee who has been wrongfully discharged is the balance of the salary due under the employment contract less any sums the employee was able to earn during the remainder of the contract period.

*Perry v. Apache Junction Elementary School District # 43 Board of Trustees*, 20 Ariz.App. 561, 563, 514 P.2d 514, 516 (1973). *Accord Lindsey v. University of Arizona*, 157 Ariz. 48, 754 P.2d 1152 (App. 1987) and *McClanahan v. Cochise College*, 25 Ariz.App. 13, 540 P.2d 744 (1975). The supreme court stated in *Granow v. Adler*, 24 Ariz. 53, 60, 206 P. 590, 593 (1922):

> [T]he jury would properly have been instructed to consider the wages agreed to be paid, the commissions which would probably have been earned, and such other probabilities and uncertainties affecting the continuance of the contract, or growing out of the terms thereof, or the plaintiff's ability to perform on his part, as might be shown by the evidence, and there should be allowed as a deduction whatever amount the plaintiff would probably earn in other suitable employment, by the use of reasonable diligence to find such employment.

It is clear that appellees had a duty to mitigate their damages by using reasonable diligence to find other suitable employment. Appellants concede that Britt made some efforts to and did obtain employment near her Round Rock home at the Lukachukai Boarding School in October 1985. They contend, however, that she then ceased her efforts to find further employment and did not properly mitigate her damages because the salary at the boarding school was substantially lower than that paid by the Red Mesa School District. As to Parido, appellants contend that although it appears he made significant efforts to find other work, noting that he listed 59 contacts in his trial exhibit, close analysis of his testimony shows that his efforts were nothing but ruffles and flourishes or "merely the tuning up of a band that never intended to play," citing *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 407 (9th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

Our review of the record shows that there was substantial evidence to support the finding that appellees met their duty to mitigate damages. The testimony of appellant's witnesses, superintendents and personnel directors of various area school districts, as to the number of teaching positions that were available during the school years in question was refuted by their own testimony that there were multiple applicants for each position and that appellees' record of having been non-renewed by appellants would place them at the bottom of the list of applicants. We find no error in the damage award.

### ATTORNEY'S FEE AWARD

■ Appellants concede that the trial court and the court of appeals held that appellees should be awarded their attorney's fees and costs. Appellants, however, contend that appellees should not be awarded fees for services performed in connection with their allegations that appellant violated the Arizona Open Meeting Law, A.R.S. § 38–431.01, and other allegations contained in their first amended complaint. Their argument arises from the fact that those allegations were never ruled on by the trial court. We find no merit to this contention. Division One ruled that appellees should be made whole and were to be awarded their attorney's fees and costs, both in the trial court and on appeal. That directive was affirmed by the Arizona Supreme Court. We find that alleging alternate theories of recovery is work that should be compensated under the appellate court's directive in this case.

We have reviewed the fees awarded according to the factors set out in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985) and find no abuse of discretion by the trial court in the award.

Appellees will be awarded attorney's fees on appeal pursuant to A.R.S. § 12–341.01(A) upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.